J-S34013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| BRYAN J. THORNTON | |
| Appellant | No. 2021 EDA 2016 |

Appeal from the PCRA Order May 20, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0830001-1990

BEFORE:  BOWES, SOLANO, AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                      **FILED JUNE 12, 2017**

Bryan J. Thornton appeals from the order denying his third *pro se* PCRA petition as untimely.  We affirm.

This matter had its genesis in an altercation that occurred on June 9, 1990, in which Appellant, acting in concert with one other person, shot and killed Gregory Jackson.  Following a bench trial, Appellant was convicted of third-degree murder, criminal conspiracy, and reckless endangerment.  The court imposed a sentence of ten to twenty years imprisonment for third-degree murder, five to ten years for conspiracy, and one to two years for reckless endangerment, resulting in a total aggregate sentence of sixteen to thirty-two years incarceration.  Appellant filed an appeal to this Court, and we affirmed his judgment of sentence.  ***Commonwealth v. Thornton***, 633

_____
*  Retired Senior Judge specially assigned to the Superior Court.

A.2d 1225 (Pa.Super. 1993) (unpublished memorandum), *appeal denied*

***Commonwealth v. Thornton***, 641 A.2d 585 (Pa. 1994).

Appellant filed two previous PCRA petitions, neither of which resulted in relief. On August 19, 2015, Appellant filed the instant *pro se* PCRA petition, his third. The PCRA court issued a Rule 907 notice of intent to dismiss, and, on May 20, 2016, dismissed Appellant's petition finding that it was untimely. This timely appeal followed. Appellant presents four issues for our review:

(1) Did the [PCRA] court error, denying to correct [Appellant's] illegal sentence by determining that the court lacked jurisdiction?

(2) Is [Appellant] entitled to a remand for resentencing since the sentence imposed by the trial court is unreasonable, excessive and without statutory authorization?

(3) Was [Appellant] denied Equal Protection of the law in violation of both State and Federal Constitutions, in that the trial court's failure to merge the lesser included offense of recklessly endangering another person, and criminal conspiracy into the great crime of third degree murder, as the offenses charged are one solitary criminal act when viewing the facts in the case?

(4) Is the [Appellant] [actually innocent] of both the sentence, and the charge of criminal conspiracy where this particular court [Superior Court], as well as the highest court in Pennsylvania the [Supreme Court] have given rulings stating that conspiracy to third degree murder is not a cognizable offense under Pennsylvania law, therefore, the sentence, and the conviction are illegal?

Appellant's brief at 3 (unnecessary capitalization omitted).

It is well settled that all PCRA petitions, including subsequent petitions, must be filed within one year of the date a defendant's judgment becomes final unless an exception to the one-year time restriction applies. 42 Pa.C.S. § 9545(b)(1). This time-bar is jurisdictional in nature. Thus, if a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). Whether a petition is timely is a question of law. Hence, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Hudson*, 156 A.3d 1194, 1197 (Pa.Super. 2017).

Where a petition is untimely, the petitioner bears the burden to plead and prove that a statutory exception applies. *Id*. If no such exception applies, the petition must be dismissed, and this Court cannot consider its merits. *Id*. The PCRA sets forth the relevant provisions as follows:

(b)   Time for filing petition. –

(1)   Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

i.   the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or law of the United States;

ii.   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

      iii.    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

    (2)    Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented).

42 Pa.C.S. § 9545(b)(1) and (2).

Here, Appellant's petition for allowance of appeal to the Pennsylvania Supreme Court was denied by order on February 23, 1994. Thus, his judgment of sentence became final on May 23, 1994, following the expiration of his ninety-day allowance to petition the United State Supreme Court for review. As such, Appellant had until May 23, 1995 to file a timely PCRA petition. Appellant filed the instant PCRA petition on August 19, 2015, rendering his petition facially untimely. In order for this Court to have jurisdiction over his claims, Appellant must plead and prove one of the three statutory exceptions detailed above.

However, Appellant has not pled that any of the three statutory exceptions apply to overcome the PCRA's time-bar. Rather, he asserts that the claims he raised in his PCRA petition implicate the legality of his sentence. He contends that the court has an inherent power to correct "patent and obvious" illegal sentences. Appellant's brief at 5. Moreover, in

- 4 -

his response to the PCRA court's Rule 907 notice of intent to dismiss, Appellant alleged that, since legality of sentence claims cannot be waived, his claim was, in-itself, sufficient to overcome the PCRA's statutory time-bar. We disagree.

In **Commonwealth v. Fahy**, 737 A.2d 214 (Pa. 1999), the appellant therein presented a similar argument, claiming, *inter alia*, that challenges to the legality of a sentence overcome the PCRA's statutory time restriction. The appellant in **Fahy** asserted that the court must have the power to reach the merits of such a claim since failing to do so would result in the execution of an illegal sentence of death. **Id**. at 223. Our Supreme Court rejected this position, observing, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Id**. Thus, we affirmed the PCRA court's dismissal of his petition for PCRA relief. **See also Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa.Super. 2011) (discussing court's inherent jurisdiction to correct patent errors in sentencing and holding "even if there was an obvious illegality in [the defendant's] sentence, the PCRA court would not have had jurisdiction to consider [defendant's] claim.").

Since Appellant has not pled and proven an exception to the PCRA's statutory time bar, the PCRA court properly concluded that his petition was untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/12/2017</u>