J-S34012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA

v.

ROBERT FELTS

Appellant | No. 2127 EDA 2016

Appeal from the PCRA Order June 15, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0901423-2001

BEFORE: BOWES, SOLANO, AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 14, 2017**

Robert Felts appeals from the order denying his third *pro se* PCRA petition as untimely. We affirm.

This matter arose from a June 2001 robbery that resulted in the shooting death of one of the three victims. On February 4, 2003, following a jury trial, Appellant was convicted of first-degree murder, three counts of robbery, burglary, conspiracy, a violation of the Uniform Firearms Act, possession of an instrument of crime, and two counts of recklessly endangering another person. Thereafter, the court sentenced Appellant to life imprisonment for first-degree murder, and concurrent sentences for the remaining convictions. Appellant filed an appeal to this Court, and we affirmed his judgment of sentence. ***Commonwealth v. Felts***, 855 A.2d

_____
* Retired Senior Judge specially assigned to the Superior Court.

130 (Pa.Super. 2004) (unpublished memorandum), *appeal denied* *Commonwealth v. Felts*, 860 A.2d 121 (Pa. 2004).

Appellant filed two previous PCRA petitions, neither of which garnered relief. Appellant's second such petition, filed on December 14, 2009, raised, *inter alia*, a claim that trial counsel was ineffective for failing to investigate the criminal history of one of the prosecution's witnesses, and the purported getaway driver, Marcus Gibson. The PCRA court dismissed the petition as untimely, and we affirmed. *Commonwealth v. Felts*, 60 A.3d 572 (Pa.Super. 2012) (unpublished memorandum).

Appellant, acting *pro se*, filed the instant PCRA petition, his third, on August 21, 2012. Appellant asserted a claim pursuant to *Miller v. Alabama*, 132 S.Ct. 1733 (2012). On March 5, 2013, Appellant abandoned that challenge and amended his petition to assert a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Appellant contended that the prosecution withheld evidence of Mr. Gibson's criminal history, and sought discovery to further pursue the matter. Appellant also relied on this assertion to overcome the PCRA's statutory time-bar, stating that the Commonwealth's failure to disclose this evidence constituted unconstitutional government interference. The PCRA court issued a Rule 907 notice of its intent to dismiss the petition, and, on June 15, 2016, dismissed Appellant's petition as untimely. This timely appeal followed.

Appellant raises two questions for our review:

    I.      Did the PCRA court err in refusing to permit discovery so as to demonstrate a ***Brady*** violation?

    II.     Can 42 Pa.C.S. § 9543.1 be reconciled with ***Brady*** insofar as it limits discovery requests to DNA testing?

Appellant's brief at 4 (unnecessary capitalization omitted).

We have long held that all PCRA petitions, including subsequent petitions, must be filed within one year of the date that a defendant's judgment becomes final unless an exception to the one-year time restriction applies. 42 Pa.C.S. § 9545(b)(1). This time-bar is jurisdictional in nature. As such, if a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). Whether a petition is timely is a question of law. Thus, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Hudson***, 156 A.3d 1194, 1197 (Pa.Super. 2017).

When a PCRA petition is untimely, the petitioner must plead and prove that one of the statutory exceptions applies. ***Id***. If no exception applies, then the petition must be dismissed, as this Court cannot consider its merits. ***Id***. The PCRA sets forth the relevant provisions as follows:

(b) Time for filing petition.-

    (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

> > i. the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or law of the United States;
> >
> > ii. the facts upon which the claim is predicated were unknown to the petition and could not have been ascertained by the exercise of due diligence; or
> >
> > iii. the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1) and (2).

Here, Appellant's petition for allowance of appeal to the Pennsylvania Supreme Court was denied on September 17, 2004. Thus, his judgment of sentence became final on December 16, 2004, following the expiration of his ninety-day allowance to petition the United States Supreme Court for review. *See Commonwealth v. Felts*, 60 A.3d 572 (Pa.Super. 2012) (unpublished memorandum) at *7. Appellant had until December 16, 2005, to file a timely PCRA petition. However, he filed the instant PCRA petition on August 21, 2012, rendering his petition facially untimely. In order for this Court to have jurisdiction over this matter, Appellant must plead and prove one of the three statutory exceptions specified above.

In order to overcome the PCRA time-bar, Appellant pled that the Commonwealth's failure to disclose evidence of Mr. Gibson's alleged criminal history violated the dictates of **Brady**, **supra**. Appellant's allegation in this regard is that he could not have raised this claim in a timely PCRA petition because the Commonwealth withheld the evidence. He supports this contention by referring to testimony offered at trial. Essentially, Appellant avers that he identified Mr. Gibson to the police as an accomplice in his crimes relying on a photograph they provided. That photograph was marked with a "PP-number," or police photo number. Appellant's brief at 9-10. However, Mr. Gibson was not arrested until two days after Appellant identified him. Thus, he claims that Mr. Gibson must have had a prior arrest record, otherwise the police would not have allocated him a PP-number, and the Commonwealth violated **Brady** when it did not apprise him of that information.

We find that Appellant has not satisfied the requirements necessary to establish the government interference exception to the statutory time-bar. In his brief, Appellant states that, at the conclusion of trial, he "informed trial counsel of his belief [that Mr. Gibson] had a criminal record." **Id**. at 7. Appellant has long suspected that Mr. Gibson had a criminal history. As such, Appellant could have raised a claim that the Commonwealth violated **Brady** on direct appeal or during his first timely PCRA petition, which he filed on August 11, 2006. Indeed, Appellant raised a claim that trial counsel

was ineffective for failing to investigate Mr. Gibson's suspected criminal history, relying on the same evidence of record that he presents herein, in his second PCRA petition filed on December 14, 2009. PCRA Petition, 12/14/09, at 20-22.

Appellant did not introduce the instant ***Brady*** claim until he filed an amended third PCRA petition on March 5, 2013, more than a decade after his trial, and nearly seven years after his initial PCRA petition. ***See*** Amended PCRA Petition, 3/5/13, at 3-4. Even though an alleged ***Brady*** violation may constitute a viable claim of government interference for the purpose of the PCRA's statutory time-bar, ***see Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008), Appellant has not proven that he filed his petition within sixty-days of the date that the claim could have been presented. 42. Pa.C.S. § 9545(b)(2). Hence, the PCRA court properly concluded that his petition was untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2017

- 6 -