J-S11032-17

2017 PA Super 41

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                          :           PENNSYLVANIA
                                            :

              v.                       :
                                            :

ROBERT HUDSON                   :
                                          :

          Appellant            :   No. 1119 WDA 2016

Appeal from the PCRA Order June 27, 2016
In the Court of Common Pleas of Cambria County
Criminal Division at No(s):  CP-11-CR-0000734-1999

BEFORE:   OLSON, RANSOM, JJ., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:             **FILED FEBRUARY 24, 2017**

Appellant Robert Hudson appeals from the order entered in the Court of Common Pleas of Cambria County on June 27, 2016, dismissing as untimely his first petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  We affirm.

The PCRA court previously set forth the relevant facts and procedural history herein as follows:

> On February 22, 2000, [Appellant] entered into a plea bargain whereby in exchange for pleading guilty to third-degree murder and conspiracy, and agreeing to testify against his co-conspirator Michelle Clark, the Commonwealth agreed to *nol pros*

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

all remaining charges against him.[2]  On April 18, 2001, Judge Thomas A. Swope, Jr. sentenced [Appellant] to a total of twenty-five (25) to fifty (50) years['] incarceration.  Though there is nothing in the record to indicate that the plea agreement between [Appellant] and the Commonwealth included a definitive agreement as to the term of sentence, transcripts from both the guilty plea and sentencing hearings indicate that there was an agreement between [Appellant] and the Commonwealth that "the minimum sentence will not exceed 30 years nor the maximum sentence exceed 60 years in prison."  N.T., 2/22/00; *See also* N.T. 4/18/01.  [Appellant] filed subsequent post-sentence motions for sentence modification which were ultimately denied.

On December 17, 2015, [Appellant] filed a *pro se* Motion to Challenge the Legality of Sentence.  The Court then appointed Attorney Tim Burns as counsel on January 28, 2016 and [Appellant] filed a motion for a *Grazier*[3] hearing.  On March 8, 2016 [Appellant] agreed to withdraw his motion for *Grazier* hearing and the [c]ourt continued the matter so that [Appellant] and Attorney Burns could file a PCRA Petition with the trial court. [Appellant] filed the PCRA Petition at issue on April 25, 2016 and the [c]ourt gave notice on May 26, 2016, pursuant to Pennsylvania Rule of Criminal Procedure 907, of the [c]ourt's intention to dismiss [Appellant's] PCRA Petition as untimely filed. [Appellant] filed objections to the Court's intention to dismiss the Petition without a hearing on June 14, 2016 and the [c]ourt entered an Order denying [Appellant's] PCRA Petition without a hearing on June 27, 2016.

[Appellant] filed a timely Notice of Appeal and Concise Statement of Matters Complained of on Appeal (Concise Statement) pursuant to Pennsylvania Rule of Appellate Procedure § 1925(b).

Trial Court Opinion, filed 8/26/16 at 1-2

In his brief, Appellant presents the following Statement of the

Questions Involved:

_____

[2] Appellant was fifteen years of age when he pled guilty to murdering his paramour's husband.
[3] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

I.      Whether the [t]rial [c]ourt erred in dismissing [ ] Appellant's PCRA Petition as being untimely filed?

II.     Whether the [t]rial [c]ourt erred in dismissing [ ] Appellant's PCRA Petition without a hearing, because the Commonwealth failed to file an answer to [ ] Appellant's PCRA Petition?

Appellant's Appeal Brief at 4.

When reviewing the propriety of an order denying PCRA relief, this Court is limited to a determination of whether the evidence of record supports the PCRA court's conclusions and whether its ruling is free of legal error.  ***Commonwealth v. Robinson***, ___ Pa. ____, ____, 139 A.3d 178, 185 (2016).  This Court will not disturb the PCRA court's findings unless there is no support for them in the certified record.  ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa.Super. 2014).

At the outset, we consider whether this appeal is properly before us. The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa.Super. 2014).

All PCRA petitions must be filed within one year of the date upon which the judgment of sentence became final, unless one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies. The petitioner bears the burden to plead and prove an applicable statutory exception.  If the petition is untimely and the petitioner has not pled and

proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. **Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa.Super. 2013).

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) states:

**(b) Time for filing petition.--**

(1)    Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States:
(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).   In addition, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).  Moreover, "[a] plea of guilty effectively waives all nonjurisdictional defects and defenses."  **Commonwealth v. Gibson**, 561 A.2d 1240, 1242 (Pa.Super. 1989), *appeal denied*, 525 Pa. 642, 581 A.2d 568 (1990).

Herein, this Court affirmed Appellant's judgment of sentence on May 22, 2002, and Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. Thus, Appellant's judgment of sentence became final thirty days thereafter on June 22, 2002. ***See*** 42 Pa.C.S.A. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"). A timely petition had to be filed by June 22, 2003; therefore, the instant PCRA petition initially filed on December 17, 2015, as a *pro se* Motion to Challenge the Legality of Sentence is patently untimely, and the burden fell upon Appellant to plead and prove that one of the enumerated exceptions to the one year time-bar applied to his case. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa.Super. 2008) (to invoke a statutory exception to the PCRA time-bar, a petitioner must properly plead and prove all required elements of the exception).

In this vein, in his counseled Amended PCRA Petition filed on April 25, 2016, Appellant purports to invoke 42 Pa.C.S.A. § 9545(b)(1)(iii), the "newly recognized constitutional right" exception to the time-bar, and contends ***Montgomery v. Louisiana***, ____ U.S. _____, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016) (filed January 25, 2016, as revised on January 27, 2016) granted the trial court discretionary power to resentence him. In ***Montgomery***, the United States Supreme Court declared its prior holding in

***Miller v. Alabama***, \_\_\_ U.S. \_\_\_\_, 132 S.Ct. 2455, 183 L.Ed. 2d. 407 (2012) constitutes a substantive rule of constitutional law to which state collateral review courts were required as a constitutional matter to give retroactive effect. ***Montgomery v. Louisiana***, \_\_\_ U.S. at \_\_\_\_, 136 S.Ct. at 736, 193 L.Ed.2d \_\_\_. In ***Miller***, the Supreme Court had held that "mandatory life without parole for those under the age of 18 at the time of their crimes violated the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" ***Miller v. Alabama***, \_\_\_ U.S. at \_\_\_\_, 132 S.Ct. at 2460, 183 L.Ed.2d at \_\_\_\_. However, while the Supreme Court's holding in ***Miller*** set forth a bright-line rule that mandatory sentences of life imprisonment without the possibility of parole are unconstitutional for defendants under the age of eighteen, ***Miller***, 132 S.Ct. at 2469, it did not prevent a trial court from imposing a sentence upon a juvenile that is less than a life sentence, as was the case herein.

Although he acknowledges he was not sentenced to a mandatory life prison term, Appellant stresses he "was a young juvenile (15 years of age), when he committed the homicide that led to his plea which in turn resulted in a lengthy sentence of 25 to 50 years." Appellant's Brief at 14. He further posits "a strong legal argument could be made that he was impressionable, and was under the influence of an adult who encouraged him to commit the crime." He also claims that were he to receive a resentencing hearing, he would present evidence that he has been rehabilitated and did not engage in

any misconduct while incarcerated as a result of his taking advantage of various classes and workshops. *Id*. at 15.

Appellant's assertions fail to satisfy the requirements necessary for invoking the newly-recognized constitutional right exception, pursuant to Section 9545(b)(1)(iii), as *Miller* itself precludes this Court from granting him relief under the PCRA. As stated previously, the *Miller* holding pertains only to juveniles who were under eighteen years of age when they were sentenced to mandatory sentences of life imprisonment without parole for committing the crime of murder. To the contrary, Appellant received an individualized sentence of twenty-five years to fifty years in prison, a term which fell well within the thirty years to sixty years range upon which Appellant and the Commonwealth agreed as part of his guilty plea. N.T., 2/22/00, at 6; N.T., 8/18/01, at 113.

The PCRA provides a means to obtain relief based on existing or newly-recognized constitutional rights, *see* 42 Pa.C.S.A. § 9543(a)(2)(i); 42 Pa.C.S.A. § 9545(b)(1)(iii); however, Appellant essentially is seeking to have this Court declare a new, substantive constitutional rule and apply it to him retroactively. Therefore, his claim is not cognizable under the PCRA. *See Commonwealth v. Fears*, 624 Pa. 446, 483, 86 A.3d 795, 817 (2014)(reiterating the "PCRA provides a mechanism for vindicating *existing* constitutional rights, and it also provides a mechanism for implementing new

constitutional rules of retroactive application, no matter when the new rule is established." (citation omitted) (emphasis in original).[4]

Appellant next avers the PCRA court erred in dismissing his PCRA petition because the Commonwealth did not file an answer thereto pursuant to Pa.R.Crim.P. 907(1) and (2). These subsections provide:

Except as provided in Rule 909 for death penalty cases,

(1) the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

(2) A petition for post-conviction collateral relief may be granted without a hearing when the petition and answer show that there is no genuine issue concerning any material fact and that the defendant is entitled to relief as a matter of law.

Pa. R. Crim. P. 907(1) and (2).

Appellant reasons that in light of language in the statute pertaining to the Commonwealth's answer which the PCRA court allegedly "must"

---

[4] In light of our holding, we need not consider whether Appellant's PCRA petition had been filed within the requisite sixty-day time period or the effect of his guilty plea upon the issues he may pursue under the PCRA.

consider, the PCRA court erred in dismissing his PCRA petition for the Commonwealth's failure to contest any issue of material fact or to challenge whether Appellant is entitled to relief as a matter of law. Brief for Appellant at 16-17. However, in doing so Appellant disregards the plain language of the statute which does not mandate that a hearing be held prior to dismissal when the Commonwealth has not filed an answer to a PCRA petition. While Subsection (1) states the PCRA court shall consider an answer by the Commonwealth, if such a filing exists, before it dismisses a PCRA petition, Subsection (2) requires the Commonwealth's answer to be filed only before the court decides to grant the petition.

In addition, Appellant's arguments ignore the preceding statutory provision, Pa.R.Crim.P. 906 entitled "Answer to Petition for Post-Conviction Collateral Relief," which states:

> (A) Except as provided in paragraph (E),[5] an answer to a petition for post-conviction collateral relief is not required unless ordered by the judge. Pa.R.Crim.P. 906(A). When the judge has not ordered an answer, the attorney for the Commonwealth may elect to answer, but the failure to file one shall not constitute an admission of the well- pleaded facts alleged in the petition.

Pa.R.Crim.P. 906.

Moreover, this Court has held neither a showing of prejudice by the Commonwealth nor a hearing is required before the PCRA court dismisses a petition where the petitioner has not met the jurisdictional requirements of

---

[5] This provision relates to answers in death penalty cases.

the PCRA. ***Commonwealth v. Burton***, 936 A.2d 521, 527 (Pa.Super. 2007). As stated previously, Appellant has not pled and proven an exception to the PCRA time-bar; thus, the PCRA court did not have jurisdiction over his PCRA petition and properly dismissed it without a hearing.

Order affirmed.

Judge Ransom joins the opinion.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/2017