J-S26013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| DEWAYNE LAMONT ELLERBY | |
| Appellant | No. 1884 MDA 2016 |

Appeal from the PCRA Order October 31, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0003728-1996
CP-06-CR-0003729-1996

BEFORE:  BOWES, DUBOW, AND FITZGERALD,* JJ.

JUDGMENT ORDER BY BOWES, J.:                **FILED JULY 14, 2017**

Dewayne Ellerby appeals from the order denying his PCRA petition as untimely.  We affirm.

We previously set forth the factual history in our memorandum denying Appellant's pursuit of direct appeal relief.  Briefly stated, Appellant and his male co-defendant engaged in a crime spree on the evening of August 28, 1996, in which the two men attempted to abduct a German tourist, kidnapped another woman, shot at the woman when she was able to flee, and engaged in a high speed pursuit with a police officer who had spotted their vehicle.  ***See Commonwealth v. Ellerby***, 718 A.2d 856 (Pa. Super. 1998) (unpublished memorandum). As a result, Appellant was charged with dozens of crimes.  Following a jury trial, Appellant was

_____
* Former Justice specially assigned to the Superior Court.

convicted of multiple crimes and was sentenced to an aggregate period of fifteen to thirty years incarceration, which included some mandatory minimum sentences.

Appellant sought relief with this Court on direct appeal, which we denied by unpublished memorandum filed May 22, 1998. *Id*. Appellant did not seek further review with our Supreme Court. He sought PCRA relief on four prior occasions, one of which was dismissed on appeal for failing to file a brief. The other three were denied for various reasons. *See Commonwealth v. Ellerby*, 817 A.2d 1176 (Pa. Super. 2002) (unpublished memorandum); *Commonwealth v. Ellerby*, 855 A.2d 130 (Pa.Super. 2004) (unpublished memorandum); *Commonwealth v. Ellerby*, 880 A.2d 5 (Pa.Super. 2005) (unpublished memorandum).

The instant petition seeking PCRA relief was docketed on March 16, 2016. The PCRA court issued a notice of intent to dismiss, and, on October 31, 2016, dismissed the petition as untimely. Appellant and the PCRA court complied with Pa.R.A.P. 1925 and the matter is ready for our review. Appellant presents two issues for our consideration.

> I. Whether the United States Supreme Court case ***Montgomery v. Louisiana*** . . . has rendered a new executive decision that applies to all cases of substantive rules of constitutional law. Thereby, making it "constitutionally" permissible, by due process of law, for a defendant to raise said claim where application applies under U.S.C.A. 5th, 8th, and 14th.

II.   Whether the ruling within **Montgomery** . . . gives retroactive effect to [**Alleyne**], when involving new watershed procedural rules and substantive rules of constitutional law of which applies to a defendant.

Appellant's brief at 3.

It is well-settled that all PCRA petitions must be filed within one year of the date a defendant's judgment of sentence becomes final, unless an exception applies.  42 Pa.C.S. § 9545(b)(1).  The time-bar is jurisdictional in nature; therefore, "when a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition."  **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014) (citation and quotation marks omitted).  Timeliness presents a question of law, which we review *de novo* and our scope of review is plenary.  **Commonwealth v. Hudson**, 156 A.3d 1194, 1197 (Pa.Super. 2017).

Appellant's attempt to circumvent the time bar relied upon § 9545(b)(1)(iii), which confers jurisdiction when the Supreme Court of the United States or Pennsylvania have recognized the retroactive application of a new constitutional right.  Appellant relies upon **Louisiana v. Montgomery**, 136 S.Ct. 718 (2016), as satisfying that statute.

That case did indeed announce a new retroactive right, but its holding is limited to **Miller v. Alabama**, 567 U.S. 460 (2012), which determined that it is unconstitutional to impose a mandatory sentence of life imprisonment without the possibility of parole for crimes committed while

the defendant was a juvenile. **Miller** has no applicability to Appellant, as he was not sentenced to a mandatory sentence of life imprisonment without parole nor was he a juvenile when he committed his crimes. Instead, his PCRA claim pertains to **Alleyne v. United States**, 133 S.Ct. 2151 (2013), which held that a jury must find beyond a reasonable doubt any facts that increase a mandatory minimum sentence.

There is no doubt that **Alleyne** is not to be applied retroactively in the PCRA setting and it fails to trigger the § 9545(b)(1)(iii) exception. **Commonwealth v. Washington**, 142 A.3d 810, 818 (Pa. 2016). Therefore, the PCRA court correctly determined that it lacked jurisdiction to address Appellant's petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2017