J-S42008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DILEEF HASSA STRICKLAND, | |
| Appellant | No. 1897 MDA 2016 |

Appeal from the PCRA Order October 17, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0005342-2007

BEFORE:  OLSON, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                 **FILED AUGUST 08, 2017**

Appellant, Dileef Hassa Strickland, appeals *pro se* from the October 17, 2016 order dismissing his third petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This Court previously set forth the factual background of this case as follows:

> On the afternoon of May 7, 2007, Appellant, and another man, Michael Scott [("Scott")], were driving around when Appellant spotted Donte Hammond [("Hammond")] on a street corner. Having been robbed by Hammond previously, Appellant decided to confront Hammond to get his money back.  Before doing so, he drove back to his home to retrieve a gun and then returned to where Hammond was previously seen.  Appellant asked Hammond for his money, and when Hammond indicated he did not have it, Appellant suggested a fist fight to settle the debt. As Hammond turned and walked away, Appellant started shooting Hammond.  Hammond was shot in the back four times and was pronounced dead shortly after being taken to the

hospital. [A three-year-old child] also suffered a gunshot wound to her forearm as a result of the shooting.

After the shooting, Appellant and Scott fled the scene. A pursuit ensued, and once police managed to block the suspects' vehicle, the suspects fled on foot. Police were able to apprehend Scott, but Appellant got away. After months of searching for Appellant, authorities finally apprehended him on September 20, 2007.

*Commonwealth v. Strickland*, 996 A.2d 557 (Pa. Super. 2010) (unpublished memorandum), at 1-2, *appeal denied*, 4 A.3d 1053 (Pa. 2010) (internal alterations omitted).

The relevant procedural history of this case is as follows. On February 12, 2009, Appellant was convicted of third-degree murder,[1] aggravated assault,[2] carrying a firearm without a license,[3] and recklessly endangering another person.[4] On May 22, 2009, the trial court sentenced Appellant to an aggregate term of 21 to 42 years' imprisonment. On direct appeal, this Court affirmed his judgment of sentence and our Supreme Court denied allowance of appeal. *See generally id.*

On April 4, 2011, Appellant filed a *pro se* PCRA petition. Counsel was appointed and filed an amended petition. On March 6, 2012, the PCRA court denied the petition. This Court affirmed and our Supreme Court denied allowance of appeal. *Commonwealth v. Strickland*, 60 A.3d 585 (Pa.

---

[1] 18 Pa.C.S.A. § 2502(c).

[2] 18 Pa.C.S.A. § 2702(a)(1).

[3] 18 Pa.C.S.A. § 6106(a)(1).

[4] 18 Pa.C.S.A. § 2705.

Super. 2012) (unpublished memorandum), *appeal denied*, 63 A.3d 777 (Pa. 2013). On March 21, 2013, Appellant filed a second *pro se* PCRA petition. On April 24, 2013, the PCRA court dismissed the petition. This Court affirmed and our Supreme Court denied allowance of appeal. ***Commonwealth v. Strickland***, 100 A.3d 319 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 99 A.3d 925 (Pa. 2014).

On August 31, 2016, Appellant filed this, his third, *pro se* PCRA petition. On September 20, 2016, the PCRA court issued notice of its intent to dismiss the petition without an evidentiary hearing. ***See*** Pa.R.Crim.P. 907(A). On October 17, 2016, the PCRA court dismissed the petition without an evidentiary hearing. This timely appeal followed.[5]

Appellant presents four issues for our review:

1. Did the [PCRA] court err in denying Appellant's third [PCRA petition] as untimely filed within the [newly-discovered fact] timeliness exception on the basis that [Appellant] has not provided any new facts only a newly discovered or newly willing source for previously known facts?

2. Did the [PCRA] court err when it said that [Appellant's] allegedly newly discovered evidence would have not altered the outcome of [trial] and would have been for mere cumulative purposes?

3. Did the [PCRA] court err when it stated that [A]ppellant's new evidence of a witness seeing Jermaine Sabb [("Sabb")] with a gun and hearing him conspire[] with Hammond to shoot Appellant was the same evidence Appellant testif[ied] to and presented in [] Scott's letter?

---

[5] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. ***See*** Pa.R.A.P. 1925(b). Nonetheless, the PCRA court issued an opinion on November 21, 2016.

4. Did the [PCRA] court err by not addressing if Appellant would or would not have the right to challenge [S]abb's testimony base[d] on Appellant's new evidence of a witness seeing [S]abb with a gun and hearing him conspire with Hammond to shoot Appellant?

Appellant's Brief at 3.

Although framed as four discrete issues, Appellant only challenges the PCRA court's determination that he failed to plead and prove the applicability of the newly-discovered fact timeliness exception to the PCRA's one-year time bar. The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." *Commonwealth v. Ward-Green*, 141 A.3d 527, 531 (Pa. Super. 2016), *appeal granted on other grounds*, 2016 WL 7386799 (Pa. Dec. 21, 2016) (citation omitted). "The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary." *Commonwealth v. Hudson*, 156 A.3d 1194, 1197 (Pa. Super. 2017) (citation omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Appellant's judgment of sentence

became final on November 24, 2010, at the expiration of the time for seeking review by the Supreme Court of the United States. *See* U.S. Sup. Ct. R. 13. Appellant's instant petition, his third, was filed on or about August 31, 2016. Thus, the petition was patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Appellant argues that he satisfied the newly-discovered fact timeliness exception. As this Court explained:

> The newly-discovered fact exception has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

*Commonwealth v. Brown*, 141 A.3d 491, 500 (Pa. Super. 2016) (citation omitted).

Appellant contends that Rafiq Vanhook's ("Vanhook's") statement, which he attached to his PCRA petition, shows that Sabb attempted to give Hammond a gun during the confrontation so Hammond could shoot Appellant. In a closely related argument, Appellant contends that Vanhook's statement shows that Sabb had a gun during the confrontation. This argument fails because Vanhook's statement is only a "newly willing source for previously known facts." *Ward-Green*, 141 A.3d at 533 (citation omitted). Such a source does not qualify as a fact unknown to the petitioner. *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1197 (Pa. 2015).

At trial, Appellant testified that Hammond threated him during the confrontation and that he turned to Sabb to get a gun. N.T., 2/11/09, at 492-494.[6] Furthermore, Scott testified that he previously stated that Hammond threated Appellant with a gun during the confrontation. *Id.* at 404. Therefore, at the time of trial Appellant was fully aware that Sabb attempted to give Hammond a gun during the confrontation so Hammond could shoot Appellant (and therefore that Sabb had a gun during the confrontation).

---

[6] The notes of testimony for the entire trial are consecutively numbered. We cite to the correct date and the page number as reflected on the notes of testimony.

Appellant nonetheless argues that Vanhook's statement was a newly discovered fact because he was unaware why Hammond attempted to retrieve the gun from Sabb during the confrontation. At trial, however, Appellant testified that Hammond "was going to shoot me or try to shoot me or whatever." N.T., 2/11/09, at 493. Moreover, the only reasonable explanation for Hammond attempting to retrieve a gun during the confrontation was so he could shoot Appellant. Accordingly, we conclude that Appellant failed to plead and prove the applicability of the newly-discovered fact exception to the PCRA's one-year time bar. As such, the PCRA court properly dismissed Appellant's third PCRA petition for lack of jurisdiction.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/2017