J-S42011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARCELO RIVERA | |
| Appellant | No. 56 MDA 2017 |

Appeal from the PCRA Order December 6, 2016
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0001443-2007
CP-38-CR-0001446-2007
CP-38-CR-0001447-2007
CP-38-CR-0001520-2007

BEFORE:  OLSON, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 10, 2017**

Appellant, Marcelo Rivera, appeals from the December 6, 2016 order dismissing his fourth petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The factual background of this case is as follows.  On May 11, 2007, May 18, 2007, and June 9, 2007, Appellant and Glennie Suarez delivered cocaine to a confidential informant.  On June 12, 2007, police executed a search warrant at Appellant's residence and a storage locker rented by Appellant and Glennie Suarez.  During execution of that search warrant,

police recovered 515 grams of powder cocaine, 22 grams of crack cocaine, seven bundles of heroin,[1] and $14,000.00 in United States currency.

The relevant procedural history of this case is as follows. On March 27, 2008, Appellant pled guilty to ten counts of conspiracy to deliver a controlled substance,[2] seven counts of possession with intent to deliver a controlled substance,[3] four counts of possession of a controlled substance,[4] three counts of criminal use of a communication facility,[5] and possession of drug paraphernalia.[6] On May 21, 2008, the trial court sentenced him to an aggregate term of 12 to 26 years' imprisonment. Appellant did not file a direct appeal.

On November 17, 2008, Appellant filed a *pro se* PCRA petition. On March 2, 2009, the PCRA court dismissed the petition. The following day, the PCRA court appointed counsel for Appellant. On December 23, 2009, Appellant filed a counseled motion seeking permission to appeal the dismissal of his first PCRA petition *nunc pro tunc*. On January 27, 2010, the PCRA court denied the motion. Appellant timely appealed that order. On

---

[1] A bundle is one-fifth of a brick, *i.e.*, ten stamp bags.

[2] 18 Pa.C.S.A. § 903, 35 P.S. § 780-113(a)(30).

[3] 35 P.S. § 780-113(a)(30).

[4] 35 P.S. § 780-113(a)(16).

[5] 18 Pa.C.S.A. § 7512(a).

[6] 35 P.S. § 780-113(a)(32).

appeal, this Court found that the PCRA court erred by not appointing Appellant counsel to litigate his first PCRA petition and, therefore, vacated the PCRA court's March 2, 2009 and January 27, 2010 orders and remanded with instructions that counsel file an amended petition. **Commonwealth v. Rivera**, 13 A.3d 992 (Pa. Super. 2010) (unpublished memorandum).

Upon remand, counsel filed an amended PCRA petition. On March 1, 2011, the PCRA court denied the petition. On appeal, this Court affirmed. **Commonwealth v. Rivera**, 37 A.3d 1230 (Pa. Super. 2011) (unpublished memorandum). On January 13, 2012, Appellant filed a second *pro se* PCRA petition. Counsel was appointed and, on May 6, 2013, the PCRA court denied the petition. On appeal, this Court affirmed and our Supreme Court denied allowance of appeal. **Commonwealth v. Rivera**, 97 A.3d 808 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 99 A.3d 925 (Pa. 2014). On June 3, 2015, Appellant filed his third *pro se* PCRA petition. On July 10, 2015, the PCRA court dismissed the petition. On appeal, this Court affirmed. **Commonwealth v. Rivera**, 145 A.3d 797 (Pa. Super. 2016) (unpublished memorandum).

On August 3, 2016, Appellant filed his fourth *pro se* PCRA petition. The PCRA court appointed counsel who filed a brief on Appellant's behalf.

On December 6, 2016, the PCRA court dismissed the petition. This timely appeal followed.[7]

> Appellant presents one issue for our review:
>
> Did the [PCRA court err] when it ruled that Appellant's PCRA [p]etition was untimely and therefore that the [PCRA court] was without jurisdiction to address Appellant's claims contained within his PCRA [p]etition?

Appellant's Brief at 4.

In his lone appellate issue, Appellant argues that the PCRA court erred in dismissing his petition for lack of jurisdiction. The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." *Commonwealth v. Ward-Green*, 141 A.3d 527, 531 (Pa. Super. 2016), *appeal granted on other grounds*, 2016 WL 7386799 (Pa. Dec. 21, 2016) (citation omitted). "The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary." *Commonwealth v. Hudson*, 156 A.3d 1194, 1197 (Pa. Super. 2017) (citation omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and

---

[7] Appellant and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925.

the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Appellant's judgment of sentence became final on June 20, 2008, at the expiration of the time for seeking review by this Court. Appellant's instant petition, his fourth, was filed on or about August 3, 2016. Thus, the petition was patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Appellant contends that he satisfied the new rule of constitutional law exception. He relies upon this Court's decision in *Commonwealth v. Ciccone*, 2016 PA Super 149 (Pa. Super. July 12, 2016) (*en banc*), which held that the Supreme Court of the United States' decision in *Alleyne v. United States*, 133 S.Ct 2151 (2013) entitled the petitioner to relief. This

argument fails, however, because this Court *sua sponte* withdrew its July 12, 2016 opinion in **Ciccone** after our Supreme Court issued its decision in **Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016). In **Washington**, our Supreme Court held "that **Alleyne** does not apply retroactively to cases pending on collateral review." **Id.** at 820. Therefore, this Court reissued its opinion in **Ciccone** and held that the petitioner was not entitled to relief under **Alleyne**. **Commonwealth v. Ciccone**, 152 A.3d 1004 (Pa. Super. 2016) (*en banc*), *appeal denied*, 2017 WL 2424725 (Pa. June 5, 2017). Accordingly, Appellant failed to plead and prove the applicability of the new rule of constitutional law exception to the PCRA's one-year time bar. As such, the PCRA court properly dismissed the petition for lack of jurisdiction.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/10/2017