J-S80013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
SHAWN MCKINNEY :
:
Appellant : No. 1533 EDA 2017

Appeal from the PCRA Order April 6, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0006444-2002

BEFORE: BOWES, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.: **FILED JANUARY 16, 2018**

Shawn McKinney appeals from the April 6, 2017 order denying his third PCRA petition as untimely. We affirm.

Appellant was charged with first-degree murder and possessing an instrument of crime in the shooting death of Ronald Anderson on April 11, 2002. On May 11, 2004, following a five-day bench trial, Appellant was found guilty on both counts. On June 15, 2004, trial counsel filed a post-trial motion alleging that Appellant had obtained exculpatory "after-discovered" evidence provided in a written statement by Valerie Tucker. That motion was denied.

Subsequently, Appellant was sentenced to a mandatory sentence of life imprisonment without parole for murder and a consecutive sentence of six to twenty-three months incarceration for possessing an instrument of crime. Appellant filed a notice of appeal, however, that appeal was

dismissed due to an untimely filed Rule 1925(b) statement. *Commonwealth v. McKinney*, 902 A.2d 979 (Pa.Super. 2006) (unpublished memorandum). Thereafter, Appellant's direct appeal rights were reinstated following a successful PCRA petition.

On direct appeal, we affirmed Appellant's judgment of sentence, including a specific finding that Ms. Tucker's proposed testimony did not constitute "after-discovered" evidence since Appellant was aware of the existence of the witness prior to trial. *Commonwealth v. McKinney*, 928 A.2d 1125 (Pa.Super. 2007) (unpublished memorandum). Appellant filed a petition for allowance of appeal to our Supreme Court, which was denied on March 12, 2008. *Commonwealth v. McKinney*, 945 A.2d 168 (Pa. 2008).

On July 8, 2008, Appellant filed a timely *pro se* PCRA petition. Appointed counsel filed an amended PCRA petition, and following Rule 907 notice, Appellant's petition was dismissed without a hearing on April 21, 2009. Appellant appealed the denial of his PCRA petition, and we affirmed. *Commonwealth v. McKinney*, 24 A.3d 454 (Pa.Super. 2011). Our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. McKinney*, 24 A.3d 362 (Pa. 2011).

On August 22, 2012, Appellant filed his second *pro se* PCRA petition. The PCRA court appointed counsel, but, rather than filing an amended PCRA petition, counsel moved to withdraw his appearance. The court granted counsel's motion to withdraw, and concomitantly filed a Rule 907 notice of its intent to dismiss. On December 31, 2012, the court denied Appellant's

- 2 -

second PCRA petition. Appellant did not appeal that decision. Instead, on February 23, 2017, Appellant filed the instant PCRA petition, his third, alleging that he obtained "newly-discovered" evidence purporting to establish his actual innocence of the crime charged, which was not presented to the jury. After providing the requisite notice, the PCRA court dismissed Appellant's petition on April 6, 2017. Appellant filed a timely notice of appeal to this Court as well as a Rule 1925(b) concise statement of errors complained of on appeal. The PCRA court authored its Rule 1925(a) opinion, and this matter is now ready for our review.

Appellant raises three claims for our consideration:

1). Whether, the PCRA Court erred in dismissing [Appellant's] PCRA, where [Appellant] was denied and/or violated his rights under the 5th, 6th, 8th & 14th amendment's. (a) Given the recent interpretations of actual innocence claims; through "Layered" ineffectiveness of trial, direct appeal, and appointed PCRA counsels; where [Appellant's] due process was violated, his right to a fair trial was denied, and procedural default "do not" apply to a "gateway" claim of actual innocence nor does it apply to a "Free Standing" claim of actual innocence.

2). Did the PCRA court err when it determined that [t]he petition was without merit; where the after-discovered evidence entitles [Appellant] to a new trial based on (a) Pennsylvania after-discovered evidence standard, (b) Sixth and Fourteenth amendments; right to effective assistance of counsel and (c) Fifth, Eighth, and Fourteenth amendment; right to due process and a verdict based on reliable evidence.

3). Whether the adjudication of law; was contrary to, or involved an unreasonable application of standard/principle of clearly established Federal Law and/or if the decision is

based on an "unreasonable determination of facts" i.e., as determined by the United States Supreme Court.

Appellant's brief at v.

At the outset, we must determine whether we have jurisdiction over this appeal. A PCRA petition, including a subsequent or serial petition, must be filed within one year of the date that a defendant's judgment of sentence becomes final, unless an exception to the one-year time restriction applies. 42 Pa.C.S. § 9545(b)(1). The statutory time bar is jurisdictional in nature. If a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). Whether a petition is timely is a matter of law, and thus, our standard of review is *de novo*, and our scope of review is plenary. ***Commonwealth v. Hudson***, 156 A.3d 1194, 1197 (Pa.Super. 2017).

When a PCRA petition is facially untimely, the petitioner must plead and prove that one of the statutory exceptions applies. ***Id***. If no exception applies, then the petition must be dismissed, as we cannot consider the merits of the appeal. ***Id***. The PCRA reads, in pertinent part:

    (b)     Time for filing petition.-

        (1)     Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

> i. the failure to raise the claim previously was the result of interference by the government officials with the presentation of the claim in violation of the Constitution or law of the United States;
>
> ii. the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> iii. the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1) and (2).

Here, Appellant's judgment of sentence became final on June 10, 2008, when the ninety-day period to seek review with the United States Supreme Court expired. Therefore, Appellant had until June 10, 2009, to file a timely PCRA petition. Appellant filed the instant petition on February 23, 2017, rendering this petition facially untimely. In order for this Court to exercise its jurisdiction, Appellant must plead and prove one of the three statutory exceptions delineated above.

Appellant appears to invoke the newly-discovered facts exception. He contends that, following trial, defense counsel located an eyewitness, Valerie Tucker, who would have provided exculpatory evidence during his trial. He concedes that he located Ms. Tucker nine days after his trial, but maintains that, since her purported testimony established his actual innocence, her

affidavit creates sufficient doubt about his guilt to overcome any procedural defects to his PCRA petition. Further, he alleges that our prior determination, on direct appeal, that Ms. Tucker's likely testimony was known to Appellant prior to trial, **see McKinney**, 928 A.2d 1125, **supra** at *20-22, was erroneous since neither the Commonwealth nor Appellant was able to contact Ms. Tucker prior to trial. As such, Appellant claims, he was unaware of the substance of Ms. Tucker's testimony until after trial.

Even assuming Appellant's position is correct that our prior adjudication of his claim on direct appeal was erroneous, we find that Appellant has not pled and proven sufficient facts to overcome the PCRA's statutory time-bar. It is well-established that, in order to utilize an exception to the PCRA's time requirement, a petitioner must invoke that exception "within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). Appellant first raised the claim that Ms. Tucker's testimony allegedly established his innocence on June 24, 2004, in his post-sentence motion. As the instant PCRA petition was filed on February 23, 2017, well in excess of the sixty-day time limitation to invoke the newly-discovered facts exception, the PCRA court properly concluded that his petition was untimely.

Order affirmed.

- 6 -

J-S80013-17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/18

- 7 -