J-S06010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER WILLIS | : | |
| | : | |
| Appellant | : | No. 2522 EDA 2017 |

Appeal from the PCRA Order June 23, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0603401-2005

BEFORE:  BOWES, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 16, 2018**

Christopher Willis appeals from the denial of his second *pro se* PCRA petition as untimely.  We affirm.

In January 2005, Appellant was arrested in connection with the October 4, 2003 shooting death of Terrence Barron in Philadelphia. Appellant was nineteen years old at the time of the shooting.[1]  Trial was delayed until January 2009, after which a jury convicted him of first-degree murder, criminal conspiracy, possession of an instrument of crime, and recklessly endangering another person.  On July 28, 2009, the trial court sentenced Appellant to life in prison for first-degree murder, and either concurrent sentences or no further penalty at the remaining charges.

_____

[1] Appellant's criminal docket indicates that he was born on February 14, 1984.

Appellant filed a timely appeal to this Court, and we affirmed. ***Commonwealth v. Willis***, 23 A.3d 1079 (Pa.Super. 2011) (unpublished memorandum). On August 30, 2011, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Willis***, 27 A.3d 225 (Pa. 2011). He did not seek further review.

On August 20, 2012, Appellant filed a timely, counseled PCRA petition, his first. Counsel filed an amended petition on February 19, 2014. The PCRA court filed its Rule 907 notice of its intent to dismiss Appellant's petition, and thereafter, on May 16, 2014, it dismissed the petition without a hearing. Appellant appealed, we affirmed, ***Commonwealth v. Willis***, 131 A.3d 83 (Pa.Super. 2015) (unpublished memorandum), and, on August 11, 2015, the Supreme Court denied Appellant's petition for leave to file a petition for allowance of appeal *nunc pro tunc*.

Appellant filed the instant *pro* se PCRA petition on March 18, 2016, alleging a violation of his constitutional rights, and arguing that he was entitled to resentencing based on the United States Supreme Court's holding in ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016), which held the new constitutional right involving the sentencing of juveniles announced in ***Miller v. Alabama***, 567 U.S. 460 (2012), applied retroactively. On March 27, 2017, the PCRA court served Rule 907 notice of intent to dismiss on timeliness grounds. Appellant filed a response reiterating his claim that the petition was timely filed. The PCRA court disagreed, and on June 23, 2017, it dismissed Appellant's petition as untimely.

Appellant filed an untimely notice of appeal to this Court on August 1, 2017. We issued a rule to show cause why this appeal should not be quashed as untimely. Appellant responded to the rule to show cause, and provided evidence that the PCRA court failed to serve him with notice of the dismissal of his PCRA petition until July 21, 2017, three days prior to the expiration of the time to file a timely notice of appeal. In light of the breakdown in the operations of the PCRA court, we find that Appellant's notice of appeal was timely filed within thirty days of his receipt of the order denying his PCRA petition, and thus, we will not quash this appeal.

Appellant complied with the PCRA court's order to file a Rule 1925(b) concise statement of errors complained of on appeal, and the PCRA court authored its Rule 1925(a) opinion. This matter is now ready for our review.

Appellant raises four questions for our consideration:

I. Whether [Appellant's] Appeal is timely, and if not, is [Appellant] entitled to reinstatement of his right to file a timely Notice of Appeal as the court committed error when it failed to serve [Appellant] a copy of the order denying PCRA relief within sufficient time to timely file a notice of appeal, Consequently, violation [Appellant's] due process of law under Pa.R.Crim.P. 122, Article I, sec 9, and Article V, sec 9 of Pennsylvania Constitution, the sixth and fourteenth Amendments of the U.S. Constitution.

II. Whether [Appellant's] instant PCRA petition predicated upon the [U]nited States Supreme Court's decision in [**Miller**, **supra**], is timely filed under the purview of 42 Pa.C.S. § 9545(b)(1)(iii)?

III. The court's imposition of an illegal mandatory life without parole sentence, for a homicide offense committed while [Appellant] was a child/minor, violates the eighth

Amendment's Prohibition on "cruel and unusual punishments." As a result of:

(A)    ***Miller***'s Application Being Binding Upon All States,

(B)    Appellant is a Child/Minor Under Pennsylvania Law, and

(C)    Equal Protection Demands ***Miller***'s Application

IV.    Whether the rule of law announced in ***Miller*** requires retroactive invalidation of a mandatory life without parole sentenced [sic] imposed on an offender with diminished culpability caused by the combined effect of [Appellant's] youth, childhood and adolescent psychological problems.

Appellant's brief at 1-2.

Our scope and standard of review of decisions denying relief pursuant to the PCRA is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. ***Commonwealth v. Chmiel***, 173 A.3d 617, 624 (Pa. 2017). Our review of questions of law is *de novo*. ***Id***. at 625.

As we disposed of Appellant's first issue, *supra*, and found that his notice of appeal was timely filed, we commence our analysis by considering the timeliness of Appellant's petition, as it implicates our jurisdiction over this matter. It is well-settled that a PCRA petition, including a subsequent or serial petition, must be filed within one year of the date that a defendant's judgment of sentence became final, unless an exception to the one-year statutory time bar applies. 42 Pa.C.S. § 9545(b)(1). This time restriction is jurisdictional in nature. Whether a petition is timely is a matter of law. ***Commonwealth v. Hudson***, 156 A.3d 1194, 1197 (Pa.Super. 2017).

Appellant concedes that his petition is facially untimely. When a petition is facially untimely, the petitioner must plead and prove that one of the statutory exceptions applies. *Id*. If no exception applies, then the petition must be dismissed, as we do not have jurisdiction to consider the merits of the appeal. *Id*. The PCRA reads, in pertinent part:

(b)       Time for filing petition.-

   (1)   Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

      i.    the failure to raise the claim previously was the result of interference by the government officials with the presentation of the claim in violation of the Constitution or law of the United States;

      ii.   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

      iii.  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

   (2)   Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1) and (2).

Appellant claims that the PCRA court erred in dismissing his petition as untimely because he pled and proved that he is entitled to relief pursuant to § 9545(b)(1)(iii). He asserts that he filed the instant petition on March 18,

- 5 -

2016, within sixty days of the Supreme Court's decision in *Montgomery*, *supra*, which the High Court decided on January 25, 2016. Appellant alleges that he is entitled to relief based on *Miller*, *supra*, which held unconstitutional the imposition of a mandatory term of life imprisonment without parole to juvenile homicide offenders, and *Montogomery*, *supra*, which held *Miller* to apply retroactively.

Further, although Appellant concedes that he was nineteen years old at the time of his offense, he claims that the PCRA court erred in determining that he was not entitled to the application of *Miller*. In so asserting, he relies on the definition of "child" as provided by 42 Pa.C.S. § 6302 of the Juvenile Act. That provision defines the term "child," in relevant part, as an individual who "is under the age of 21 years who committed an act of delinquency before reaching the age of 18 years[.]" 42 Pa.C.S. § 6302. He maintains that he was adjudicated delinquent when he was seventeen years old, and remained under the jurisdiction of the juvenile courts until he committed the offense in question at age nineteen. As such, he concludes that, under Pennsylvania law, he was a "child" at the time of his crime, and hence, he is entitled to relief under *Miller*.

The PCRA court determined that Appellant's petition was untimely since he was not under the age of eighteen at the time of the murder, and therefore, he was not entitled to the retroactive application of *Miller* pursuant to *Montgomery*. It concluded that Appellant failed to plead and

prove an exception to the PCRA's statutory time bar, and thus, dismissed his petition as untimely. We agree.

In **Miller**, the United States Supreme Court held that "mandatory life without parole for those **under the age of 18 at the time of their crimes** violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" **Miller**, **supra**, at 465 (emphasis added). In light of this clear language, **Miller**'s holding applies only to those offenders who were under the age of eighteen at the time of their crimes. **See Commonwealth v. Furgess**, 149 A.3d 90 (Pa.Super. 2016) (petitioners who were older than eighteen when they committed murder "may not rely upon [**Miller**] to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)"). It is irrelevant whether Appellant was considered a "child" pursuant to Pennsylvania's Juvenile Act at the time of his offense since it is undisputed that he was nineteen years old at the time of the homicide in question. Thus, he is not entitled to relief pursuant to **Miller**, and the PCRA court did not err in dismissing his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/16/18