J-S37013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                   :            PENNSYLVANIA
                                                   :

v.                                :
                                                   :

GEARY T. MYERS                   :
                                                   :

            Appellant          :     No. 2376 EDA 2017

Appeal from the PCRA Order June 29, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0228571-1993

BEFORE:   OLSON, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.:                      **FILED JULY 13, 2018**

Appellant, Geary T. Myers, appeals *pro se* from the June 29, 2017 order dismissing his fourth petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

As our resolution of this appeal is based on the procedural posture of this case, we decline to set forth the factual background. On February 2, 1995, the trial court sentenced Appellant to an aggregate term of life imprisonment without the possibility of parole after his conviction for several offenses including, *inter alia*, second-degree murder. This Court affirmed the judgment of sentence and our Supreme Court denied allowance of appeal. ***Commonwealth v. Myers***, 677 A.2d 1266 (Pa. Super. 1996) (unpublished memorandum), *appeal denied*, 681 A.2d 177 (Pa. 1996). This Court subsequently affirmed the denial of Appellant's first, second, and third PCRA

_____

*   Former Justice specially assigned to the Superior Court.

petitions. ***Commonwealth v. Myers***, 778 A.2d 1246 (Pa. Super. 2001) (unpublished memorandum); ***Commonwealth v. Myers***, 864 A.2d 581 (Pa. Super. 2004) (unpublished memorandum); ***Commonwealth v. Myers***, 131 A.3d 108, 2015 WL 6112210 (Pa. Super. 2015) (unpublished memorandum).

On March 18, 2016, Appellant filed this, his fourth, *pro se* PCRA petition. On December 19, 2016, Appellant filed an amended petition. On March 22, 2017, the PCRA court issued notice of its intent to dismiss the petition without an evidentiary hearing. **See** Pa.R.Crim.P. 907. On June 29, 2017, the PCRA court dismissed the petition. This timely appeal followed.[1]

Appellant presents one issue for our review:

> [Whether Appellant satisfied the new rule of constitutional law exception to the PCRA's timeliness requirement?]

***See generally*** Appellant's Brief.

In his lone issue, Appellant argues that he satisfied the new rule of constitutional law exception to the PCRA's one-year time bar. "The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature." ***Commonwealth v. Montgomery***, 181 A.3d 359, 365 (Pa. Super. 2018) (*en banc*) (cleaned up). "The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary." ***Commonwealth v.***

---

[1] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b).

***Hudson***, 156 A.3d 1194, 1197 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1007 (Pa. 2017) (citation omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Appellant's judgment of sentence became final on October 31, 1996, at the expiration of the time for seeking review by the Supreme Court of the United States. ***See*** U.S. Sup. Ct. R. 13. Appellant's instant petition, his fourth, was filed over 19 years later. Thus, the petition was patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Appellant argues that he satisfied the new rule of constitutional law exception because he filed his petition within 60 days of the Supreme Court of the United States' decision in *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). In *Montgomery*, the Supreme Court of the United States held that the prohibition on mandatory terms of life imprisonment without the possibility of parole for juvenile offenders, which it announced in *Miller v. Alabama*, 567 U.S. 460 (2012), applied retroactively. This argument fails because "*Montgomery* merely made *Miller* retroactive for juvenile offenders whose judgments of sentence had already became final. It did not extend *Miller*'s holding to those individuals who committed homicides after they reached the age of 18." *Montgomery*, 181 A.3d at 366 (citation omitted). In this case, Appellant was 20 years old at the time of the homicide. Hence, Appellant failed to plead and prove the applicability of the new rule of constitutional law exception to the PCRA's one-year time bar and the PCRA court properly held that it lacked jurisdiction over the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/18