J-S10043-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| IRVIN GOULBOURNE | : | |
| | : | |
| Appellant | : | No. 2754 EDA 2018 |

Appeal from the PCRA Order Entered September 21, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0700541-2002,
CP-51-CR-1203221-2002

BEFORE:  GANTMAN, P.J.E., STABILE, J., and COLINS*, J.

JUDGMENT ORDER BY GANTMAN, P.J.E.:          **FILED APRIL 16, 2019**

Appellant, Irvin Goulbourne, appeals from the order entered in the

Philadelphia County Court of Common Pleas, which dismissed his counseled

petition filed pursuant to the Post Conviction Relief Act ("PCRA"), at 42

Pa.C.S.A. §§ 9541-9546.  Based on our Supreme Court's decision in

**Commonwealth v. Walker**, ___ Pa. ___, 185 A.3d 969 (2018), we must

quash the appeal.  The PCRA court set forth the relevant facts, procedural

history, and reasons for dismissing Appellant's petition as follows:

> On May 2, 2003, [A]ppellant was tried *in absentia* and found
> guilty of four counts of possession with intent to deliver a
> controlled substance (PWID) and one count of criminal
> conspiracy on two separate [dockets].[1]  The date of the
> offenses are documented as July 18, 2001 on [Docket No.]
> CP-51-CR-1203221-2002, and August 2, 2001 on [Docket
> No.] CP-51-CR-0700541-2002.  On June 24, 2003,
> [A]ppellant was sentenced to an aggregate [term] of 12½
> to 25 years' incarceration by the Honorable Eugene Maier.

_____

*  Retired Senior Judge assigned to the Superior Court.

Appellant's direct appeal was dismissed on February 24, 2004, for failure to file a brief. (2436 EDA 2003)

[1] 35 [P.S.] § 760-113 [(a)](30); 18 Pa.C.S. § 903.

On January 7, 2018, [A]ppellant filed the instant amended PCRA petition claiming that he is entitled to relief based upon [newly discovered facts and] after discovered evidence, alleging ongoing revelations of police corruption involving Police Officers Thomas Liciardello and Lewis Palmer, two officers involved in the prosecution of his case. In its response to [A]ppellant's petition, the Commonwealth asserted that the earliest date of verifiable police misconduct involving the officers was February 2006. Following a thorough review of [A]ppellant's submissions, the Commonwealth's response and the law regarding exceptions to the timeliness requirements of the PCRA, the [c]ourt determined that it lacked jurisdiction to consider the merits of [A]ppellant's PCRA petition as it was untimely, and [A]ppellant had failed to prove the applicability of an exception. Following required notice, [A]ppellant's petition was dismissed without a hearing. He now appeals.

On appeal, [A]ppellant complains that the [c]ourt erred in dismissing his petition without a hearing because his convictions are based upon the testimony of corrupt police officers [who] the Commonwealth believes are not credible. Appellant contends that his claims require that his sentence be vacated. Appellant's contentions are incorrect. In early 2013, it was confirmed that certain officers were under investigation by the FBI and Philadelphia Police Department Internal Affairs for fabricating narcotics arrests and other misconduct alleged to have occurred between 2006 and 2012. Several officers were later federally indicted. Review of the federal indictment reveals that the allegations of police misconduct alleged therein encompassed the time period from 2006 through 2012. The Commonwealth subsequently chose to review the integrity of criminal convictions that occurred between those dates which involved the officers under investigation/indictment, including Liciardello and Palmer. PCRA relief was granted in a number of cases where those officers played an integral role in the prosecution of the case. Appellant's arrests

occurred in 2001, five years before the earliest date of February 2006, and as such, do not fall within the dates of alleged misconduct identified in the federal indictment or by the Commonwealth. Therefore, [A]ppellant has failed to demonstrate the existence of unknown facts, namely alleged misconduct by officers involved in his arrest and prosecution which occurred during the time of his arrest. When a petition is untimely on its face, and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. [**Commonwealth v. Hudson**], 156 A.3d 1194, 1197 ([Pa.Super.] 2017) [(citing **Commonwealth v. Taylor**, [65 A.3d 462 (Pa.Super. 2013))].

(PCRA Court Opinion, filed December 5, 2018, at 1-4) (internal footnotes 2 and 3 omitted).

Preliminarily, on June 1, 2018, the **Walker** Court held that the common practice of filing a single notice of appeal from an order involving more than one docket would no longer be tolerated, because the practice violates Pa.R.A.P. 341, which requires the filing of "separate appeals from an order that resolves issues arising on more than one docket." **Id.** at ___, 185 A.3d at 977. The failure to file separate appeals under these circumstances "requires the appellate court to quash the appeal." **Id.** Instantly, Appellant filed a single notice of appeal from the order that denied PCRA relief at two separate docket numbers. Appellant's single notice of appeal was filed on September 21, 2018, which postdates and is therefore bound by the **Walker** decision, and must be quashed.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/16/19