J-S51014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ERIC COXRY | |
| Appellant | No. 3810 EDA 2016 |

Appeal from the PCRA Order October 26, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0001939-2009

BEFORE:  BOWES, J., SHOGAN, J., AND STEVENS, P.J.E.,*

MEMORANDUM BY BOWES, J.:                  **FILED AUGUST 17, 2017**

Eric Coxry appeals from the order dismissing his PCRA petition as untimely.  We affirm.

We previously set forth the relevant facts as follows:

> [Appellant] was charged with first degree murder for the shooting death of Jonas Suber.  On July 19, 2013, a jury found [Appellant] guilty of first degree murder.  The Commonwealth offered to waive its right to seek the death penalty if [Appellant] agreed to waive all rights of appeal and thus spend the rest of his life in prison.  [Appellant] accepted the Commonwealth's offer.
>
> . . . .
>
> The trial court questioned [Appellant] on the record and determined that he entered into this agreement knowingly, voluntarily, and intelligently.  The court sentenced [Appellant] to life imprisonment without the possibility of parole for first degree murder and concurrent terms of 20[-]40 years' imprisonment for conspiracy and 10-20 years' imprisonment for burglary.

* Former Justice specially assigned to the Superior Court.

On August 15, 2013, more than 10 days after sentencing, [Appellant] filed a motion entitled as a "post-sentence motion" to withdraw his waiver of his rights. On August 22, 2013 the court scheduled a hearing on [Appellant's] motion. On January 21, 2014, after two days of hearings, the court denied [Appellant's] motion. On February 7, 2014, [Appellant] filed a notice of appeal.

*Commonwealth v. Coxry*, 116 A.3d 695 (Pa.Super. 2014) (unpublished memorandum) at *1-3.

On direct appeal, we noted that untimely post-sentence motions do not toll the thirty-day appeal period, even when the trial court holds a hearing and renders a decision on the merits. Since Appellant filed an untimely post-sentence motion, we found that his appeal period commenced on the date of his sentencing, July 22, 2013, and therefore his notice of appeal filed on February 7, 2014, was untimely. As such, we quashed his appeal. Appellant filed a petition for allowance of appeal to our Supreme Court, which was denied on May 4, 2015. *Commonwealth v. Coxry*, 114 A.3d 415 (Pa. 2015).

On February 23, 2016, Appellant filed his first PCRA petition. Counsel was appointed, but later sought to withdraw. On August 25, 2016, the PCRA court filed a Rule 907 notice of its intent to dismiss Appellant's petition. Appellant filed an objection to that notice. Subsequently, the court dismissed Appellant's PCRA petition, and granted counsel's petition to

withdraw. Appellant filed a *pro se* notice of appeal to this Court.[1] Appellant

filed a Rule 1925(b) concise statement of errors complained of on appeal,

and the PCRA court authored its Rule 1925(a) opinion. This matter is now

ready for our review.

Appellant raises six questions for our consideration:

1. Whether Appellant's PCRA counsel (hereinafter, Robert P. Brendza, Esq.) was ineffective for failing to argue that Appellant's Sentencing-Hearing counsel (hereinafter, Brenda Jones, Esq.) was ineffective for failing to ensure that Appellant's request to with draw [sic] his guilty plea dated July 30, 2013, [was] timely docketed before August 1, 2013?

2. Whether Robert P. Brendza, Esq. was ineffective for failing to argue that Brenda Jones, Esq. was ineffective for failing to notify the Trial Court that the court lacked jurisdiction to hold a hearing on the voluntariness of the Appellant's plea since the Clerk docketed the [post-sentence motion] on August 15, 2013, (i.e. fourteen (14) days after the deadline to file Post Sentence Motion to preserve Appellant's Right to Direct Appeal)?

3. Whether Robert P. Brendza, Esq. was ineffective for failing to argue that Appellant's initial appeal counsel (hereinafter, Vincent P. Difabio, Esq.) was ineffective for failing to notify the Trial Court that it lacked jurisdiction to hold a Hearing on Mrs. Brenda Jones' untimely docketed Post Sentence Motion (after Mr. Difabio was appointed to represent Appellant on November 25, 2013)?

_____

[1] Appellant's notice of appeal was not docketed by the clerk of courts until November 28, 2016, which would render it untimely. However, the PCRA court found that Appellant's notice of appeal was timely filed, pursuant to the "prisoner-mailbox rule," according to the postmarked envelope dated November 23, 2016. PCRA Court Opinion, 1/5/17, at unnumbered 1. The Commonwealth does not dispute this finding, thus, we find that Appellant's notice of appeal was timely filed.

4. Whether Robert P. Brendza, Esq. was ineffective for failing to argue that Vincent P. Difabio, Esq. was ineffective for failing to argue that Brenda Jones, Esq. was ineffective for filing an untimely Post Sentence Motion (on August 15, 2013), after Mr. Difabio was appointed to represent [A]ppellant on November 25, 2013?

5. Whether Robert P. Brendza, Esq. was ineffective for failing to argue that Vincent P. Difabio, Esq. was ineffective for failing to file a timely "Application For Reargument" in the Pennsylvania Superior Court after the Pennsylvania Superior Court incorrectly found that the Appellant was untimely in his attempt to withdraw his Sentence-Phase plea, (since the certified record confirms that both the Trial Court and Brenda Jones, Esq. were duly informed by Appellant)?

6. Whether Robert P. Brendza, Esq. was ineffective for failing to argue that Vincent P. Difabio, Esq. was ineffective for failing to file a Federal Writ of Habeas Corpus (i.e. after Mr. Difabio was appointed to represent Appellant on November 25, 2013) thereby properly raising a claim that the Trial Court denied Appellant his right to due process of law by holding a hearing that it lacked jurisdiction to hold and "Denying the [A]ppellant's Post-Trial Motion seeking to withdraw the agreement to waive his appellate rights in exchange for a sentence of life imprisonment"?

Appellant's brief at 4-5.

As a preliminary matter, we must determine whether we have jurisdiction over this appeal. It is well-settled that a PCRA petition must be filed within one year of the date that a defendant's judgment of sentence becomes final, unless an exception to this one-year time restriction applies. 42 Pa.C.S. § 9545(b)(1). The statutory time-bar is jurisdictional in nature. If a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." *Commonwealth v. Miller*, 102 A.3d 988,

- 4 -

992 (Pa.Super. 2014) (citation omitted).  Whether a petition is timely is a question of law.  As such, our standard of review is *de novo*, and our scope of review is plenary.  ***Commonwealth v. Hudson***, 156 A.3d 1194, 1197 (Pa.Super. 2017).

When a PCRA petition is facially untimely, the petitioner must plead and prove that one of the statutory exceptions applies.  ***Id***.  If no exception applies, then the petition must be dismissed, as we cannot consider the merits of the appeal.  ***Id***.  The PCRA reads, in pertinent part:

> (b)  Time for filing petition.-
>
>   (1)  Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:
>
>     i.  the failure to raise the claim previously was the result of interference by the government officials with the presentation of the claim in violation of the Constitution or law of the United States;
>
>     ii.  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
>     iii.  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
>   (2)  Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1) and (2).

Instantly, the calculation of when Appellant's judgment of sentence became final is governed by **Commonwealth v. Brown**, 943 A.2d 264 (Pa. 2008). In **Brown**, the defendant was convicted of numerous drug offenses, and sentenced to a period of incarceration. Counsel offered an oral post-sentence motion, but failed to file a written post-sentence motion. Nevertheless, the court purported to deny the oral motion eleven months after sentencing. Following that decision, the defendant filed a notice of appeal to this Court. We quashed the defendant's appeal as untimely, finding that, by failing to file a timely, written post-sentence motion, the period in which the defendant could file a notice of appeal was not tolled. **Id**. at 265; **See** Pa.R.Crim.P. 720(A)(3) ("If the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence," except in circumstances not relevant here).

Utilizing the PCRA, the defendant sought reinstatement of his appellate rights. Although the PCRA court reinstated those rights, this Court again quashed the resulting appeal as untimely, finding that, since the defendant did not file a timely post-sentence motion, his judgment of sentence became final thirty days after the imposition of his sentence, *i.e.*, June 2001. Since the defendant filed his PCRA petition in February 2004, it was untimely.

Our Supreme Court granted allocatur to address the incongruity of that decision with past Supreme Court case law. The High Court reviewed an oft-cited statement in **Commonwealth v. Murray**, 753 A.2d 201 (Pa. 2000), which noted that a judgment of sentence did not become final for the purposes of the PCRA's time-bar until the expiration of the time for seeking review. In **Murray**, the Supreme Court interpreted § 9545 as indicating that the petitioner's judgment of sentence did not become final until thirty days after his appeal was quashed as untimely by this Court. **Id**. at 203. In **Brown**, the High Court determined that this interpretation was at odds with § 9545, and in any case, it was *dictum* with no precedential effect. Instead, it ruled that there was no "generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions," and thus, "in circumstances in which no timely direct appeal is filed relative to a judgment of sentence, and direct review is therefore unavailable, the one-year period allowed for the filing of a post-conviction petition commences upon the actual expiration of the time period allowed for seeking direct review[.]" **Brown**, **supra** at 267-268.

Here, Appellant's sentence was imposed on July 22, 2013. He did not file a timely post-sentence motion or a timely notice of appeal. As such, his judgment of sentence became final on August 21, 2013, thirty days after the entry of his sentence when his opportunity to seek direct review expired. Hence, Appellant had until August 21, 2014, to file a timely PCRA petition.

Appellant filed the instant petition on February 23, 2016, rendering his petition facially untimely. He did not plead and prove any of the three statutory exceptions outlined in 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Thus, the PCRA court did not err in dismissing Appellant's PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/2017