J-S39025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ROBERT MORRIS ANTHONY | |
| Appellant | No. 1670 WDA 2016 |

Appeal from the PCRA Order September 22, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0016531-2002

BEFORE:  BENDER, P.J.E., BOWES AND STRASSBURGER,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 22, 2017**

Robert Morris Anthony appeals from the order denying his fourth PCRA petition as untimely.  We affirm.

We previously set forth the factual history in our memorandum denying Appellant's pursuit of direct appeal relief.  Briefly stated, Appellant was at the home of Derriah Baker.  Appellant announced that he needed some money, and Baker lured Paul Pusic to her home by asking him to bring over some milk.  Appellant indicated that he would rob Pusic.  Once Pusic arrived in his vehicle, Appellant approached Pusic and the two men began to struggle.  During this incident, Appellant fired his gun, hitting Pusic in the torso.  Appellant then pulled Pusic from the vehicle and left him to die on the sidewalk.  He then stole Pusic's vehicle and fled the scene.  ***See***

* Retired Senior Judge assigned to the Superior Court.

*Commonwealth v. Anthony*, 915 A.2d 138 (Pa.Super. 2006) (unpublished memorandum). Following a non-jury trial, Appellant was convicted of, *inter alia*, second-degree homicide, robbery, and carrying a firearm without a license. He received the mandatory sentence of life imprisonment without the possibility of parole.

Appellant sought relief with this Court on direct appeal, which was denied by unpublished memorandum. *Id*. Our Supreme Court denied further review. He then sought timely PCRA relief, the denial of which was affirmed on appeal. *Commonwealth v. Anthony*, 981 A.2d 911 (Pa.Super. 2009) (unpublished memorandum). He filed two additional PCRA petitions, both of which were denied by the trial court. The first was dismissed on appeal for failing to file a brief. The second petition unsuccessfully sought relief pursuant to *Miller v. Alabama*, 567 U.S. 460 (2012) (mandatory life imprisonment without parole for persons under the age of eighteen at time of crimes), a decision we affirmed. *Commonwealth v. Anthony*, 82 A.3d 469 (Pa.Super. 2013) (unpublished memorandum).

The instant petition seeking PCRA relief was docketed on March 16, 2016. The PCRA court appointed counsel, who was later permitted to withdraw, and dismissed the petition as untimely. Appellant and the PCRA court complied with Pa.R.A.P. 1925 and the matter is ready for our review.

Appellant presents three issues for our consideration.

    I.    Did the lower court err in denying [the] PCRA petition without a hearing since the petitioner presented a newly-recognized right by the United States Supreme Court concerning retroactivity being applicable to new substantive rules of constitutional law asserted within ***Montgomery v. Louisiana*** by way of presenting ***Alleyne*** claim?

    II.    Did the lower court err in denying [the] PCRA petition without a hearing by not accepting petitioner[']s ***Alleyne v. United States*** claim concerning Sixth Amendment jury trial right applying facts that trigger or increase a mandatory minimum sentence?

    III.    Did the lower court err in denying [the] PCRA petition without a hearing by not recognizing mandatory life without parole is a disproportionate punishment for youth homicide offenders under the age of twenty-five (25) as it violates the Eighth Amendment prohibition on cruel and unusual punishment?

Appellant's brief at 3 (some capitalization omitted).

It is well-settled that all PCRA petitions must be filed within one year of the date a defendant's judgment of sentence becomes final, unless an exception applies. 42 Pa.C.S. § 9545(b)(1). The time-bar is jurisdictional in nature; therefore, "when a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa.Super. 2014) (citation and quotation marks omitted). Timeliness presents a question of law, which we review *de novo*, and our scope of review is plenary. ***Commonwealth v. Hudson***, 156 A.3d 1194, 1197 (Pa.Super. 2017).

Appellant's conviction became final long ago. This attempt to circumvent the time bar relied upon § 9545(b)(1)(iii), which confers jurisdiction when the Supreme Courts of the United States or Pennsylvania have recognized the retroactive application of a new constitutional right, and the petition is filed within sixty days of the relevant decision. Appellant filed the instant petition within sixty days of *Louisiana v. Montgomery*, 136 S.Ct. 718 (2016), which he claims qualifies pursuant to that statute.

*Montgomery* did indeed announce a new retroactive right, but its holding is limited to *Miller v. Alabama*, 567 U.S. 460 (2012), which determined that it is unconstitutional to impose a mandatory sentence of life imprisonment without the possibility of parole for crimes committed while the defendant was a juvenile. *Miller* has no applicability herein, as Appellant was not a juvenile when he committed his crimes. Instead, Appellant is asking this Court to extend *Miller* to classes beyond juveniles, something we cannot do. *See Commonwealth v. Furgess*, 149 A.3d 90 (Pa.Super. 2016).

Appellant further seeks to apply *Montgomery* to all claims arising under *Alleyne v. United States*, 133 S.Ct. 2151 (2013), which held that a jury must find beyond a reasonable doubt any facts that increase a mandatory minimum sentence. Presently, Appellant complains that his mandatory sentence of life imprisonment without the possibility of parole violates *Alleyne*. As we have stated, *Montgomery* is limited to actual

*Miller* claims and it does not extend to *Alleyne*.  In any case, *Alleyne* does not apply retroactively.  *Commonwealth v. Washington*, 142 A.3d 810, 818 (Pa. 2016).[1]  Therefore, the PCRA court correctly determined that it lacked jurisdiction to address Appellant's petition.

Appellant's third ground on appeal is a substantive claim regarding the proportionality of his sentence.  Since the PCRA court lacked jurisdiction to entertain the merits of any claim unless one of the exceptions applied, there is no further need to address this assertion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2017

---

[1] Furthermore, while we cannot address the merits of Appellant's claim, we note that Appellant's mandatory sentence does not run afoul of *Alleyne*, as he was not subjected to a mandatory minimum sentence based on impermissible fact-finding but because the General Assembly determined that mandatory life imprisonment was the required penalty for persons convicted of felony homicide.