J-S51012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DAMIEN RAINEY A/K/A HASSAN PHILLIPS | |
| Appellant | No. 2243 EDA 2016 |

Appeal from the PCRA Order June 3, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):
CP-51-CR-0805641-1995
CP-51-CR-0805681-1995
CP-51-CR-0808891-1995
CP-51-CR-1011401-1995

BEFORE:  BOWES, J., SHOGAN, J., AND STEVENS, P.J.E.,*

MEMORANDUM BY BOWES, J.:                **FILED SEPTEMBER 27, 2017**

Damien Rainey appeals from the order denying his fourth PCRA petition as untimely.  We affirm.

This PCRA appeal involves dozens of crimes spanning multiple dockets. Our memorandum decision denying relief on direct appeal set forth the factual history.

> Appellant's photo was picked out of two separate arrays by three individuals in connection with robberies at two stores owned and operated by Korean-Americans. Mr. Han picked appellant's photo in connection with the robbery of his store occurring on April 29, 1995, and Mr. and Mrs. Yi both picked appellant's photo from an array in connection with two robberies occurring at their store approximately two years apart[,  t]he first robbery taking place

---

* Former Justice specially assigned to the Superior Court.

on March 14, 1993 and the second two days after the Han robbery on May 1, 1995. The robber in all three incidents utilized a handgun and threatened the victims and even fired a shot while committing the third robbery.

Appellant was arrested sometime after the third robbery and was charged with five counts of robbery, two counts of aggravated assault and three counts of possessing an instrument of crime.

*Commonwealth v. Rainey*, 806 A.2d 465 (Pa.Super. 2002) (unpublished memorandum at 2). Appellant's trials were consolidated and he ultimately received an aggregate sentence of forty-seven and one-half to ninety-five years incarceration, which apparently included the imposition of some mandatory minimum sentences pursuant to 42 Pa.C.S. § 9712 (requiring minimum sentence where, *inter alia*, robbery was committed while possessing a firearm).[1] After his two direct appeals concluded, Appellant unsuccessfully sought PCRA relief, and we affirmed. Appellant sought PCRA relief twice more, but did not appeal either case to this Court.

The instant appeal concerns Appellant's latest PCRA petition, docketed September 22, 2015, which asserted that he was entitled to resentencing due to our Supreme Court's decision in *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015), decided June 15, 2015. *Hopkins* did not invalidate § 9712; rather, it declared that 18 Pa.C.S. § 6317(a), which called for a

---

[1] The record does not clearly indicate whether Appellant actually received any mandatory minimum sentences. As Appellant is not entitled to relief in any event, we will assume for purposes of discussion that his aggregate sentence included some mandatory minimums under 42 Pa.C.S. § 9712.

mandatory minimum sentence of two years total confinement when a defendant was convicted of certain drug crimes within 1,000 feet of, *inter alia*, school zones, was unconstitutional following **Alleyne v. United States**, 133 S.Ct. 2151 (2013) (jury must find beyond a reasonable doubt any facts that increase a mandatory minimum sentence).[2] **Hopkins** effectively "invalidate[d] a range of Pennsylvania sentencing statutes predicating mandatory minimum penalties upon non-elemental facts and requiring such facts to be determined by a preponderance of the evidence at sentencing." **Commonwealth v. Wolfe**, 140 A.3d 651 (Pa. 2016) (citing **Hopkins**, **supra**). Appellant maintained that, as of the date **Hopkins** was issued, he was serving an unconstitutional, and therefore illegal, sentence, which was amenable to correction through the PCRA.

The PCRA court issued a notice of intent to dismiss, to which Appellant filed an objection. The court then denied the petition as untimely on June 3, 2016. Appellant timely appealed. The PCRA court did not order Appellant to file a concise statement of matters complained of on appeal, and filed its opinion. The matter is now ready for our review.

It is well-settled that all PCRA petitions must be filed within one year of the date a defendant's judgment of sentence becomes final unless an

---

[2] This Court held, in **Commonwealth v. Valentine**, 101 A.3d 801 (Pa.Super. 2014) (*en banc*), that § 9712 was unconstitutional.

exception applies. 42 Pa.C.S. § 9545(b)(1). The time-bar is jurisdictional in nature; therefore, "when a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa.Super. 2014) (citation and quotation marks omitted). Timeliness presents a question of law, which we review *de novo*, and our scope of review is plenary. ***Commonwealth v. Hudson***, 156 A.3d 1194, 1197 (Pa.Super. 2017). We thus must determine whether Appellant's petition was timely prior to addressing the merits of his claims.

Appellant's conviction became final long ago. The burden to plead and prove an exception to the one-year time bar is borne by the petitioner seeking PCRA relief. Appellant's attempt to do so relied upon ***Hopkins***, and he explicitly sought relief under § 9545(b)(1)(ii), which applies to newly-discovered facts. ***See Commonwealth v. Cox***, 146 A.3d 221 (Pa. 2016). "The instant petition is filed within sixty (60) days of learning of the decision in ***Hopkins*** at S.C.I. Rockview Law Library on August 13, 2015 . . . pursuant to the filing restraints of Newly Discovered Evidence[.]" *Pro se* PCRA Petition, 9/22/15, at unnumbered 2. Additionally, in response to the PCRA court's notice of intent to dismiss, Appellant filed an objection stating that he "correctly relied upon 'Newly Discovered Facts' exception . . . [I] received word by a fellow prisoner of the Court's development in ***Hopkins*** that the mandatory minimum sentencing scheme in Pennsylvania is unconstitutional[.]" Objection, 5/24/16, at unnumbered 2.

Appellant's petition suffered from multiple fatal defects, any of which serve as a basis for affirming the order. First, the § 9545(b)(1)(ii) exception pertains to facts, not new law. Our Supreme Court has held that "subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." *Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011). Thus, even assuming that *Hopkins* conferred some kind of right upon Appellant, the proper exception is codified at § 9545(b)(1)(iii), which applies to new constitutional rights held to apply retroactively by a decision of the Supreme Courts of the United States or Pennsylvania.

The second flaw is that *Hopkins* would not afford Appellant relief even if he had properly cited the § 9545(b)(1)(iii) exception. In *Commonwealth v. Abdul-Salaam*, 812 A.2d 497 (Pa. 2002), our Supreme Court has explained that this exception has two requirements.

> First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, i.e., "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Id*. at 501. Additionally, a petition seeking to invoke this section must be filed within sixty days of the date the claim could have been presented. 42

Pa.C.S. § 9545(b)(2). "[U]nlike subsection (b)(1)(ii), subsection (b)(1)(iii) precludes consideration of the petitioner's knowledge and an assessment of due diligence." ***Commonwealth v. Burton***, 158 A.3d 618, 636 (Pa. 2017).

Even if we could overlook the failure to cite the correct exception, Appellant's petition failed all three requirements. ***Hopkins*** did not announce a new constitutional right, it was not held by our Supreme Court to apply retroactively, and Appellant did not file his petition within sixty days of its decision.

Finally, Appellant's attempt to secure relief rests on the notion that ***Alleyne***, as interpreted by ***Hopkins***, applies retroactively. Our Supreme Court has held that ***Alleyne*** does not apply retroactively to cases on collateral review. ***Commonwealth v. Washington***, 142 A.3d 810, 818 (Pa. 2016). Therefore, the PCRA court correctly determined that it lacked jurisdiction to address Appellant's petition.

Order affirmed.

*Judgment Entered.*

_____

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/27/2017*