J-S69006-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JONATHAN THOMAS | |
| Appellant | No. 1795 WDA 2016 |

Appeal from the PCRA Order October 24, 2016
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0001619-1995

BEFORE: BOWES, RANSOM, JJ. and STEVENS, PJ.E.*

MEMORANDUM BY BOWES, J.:                    FILED NOVEMBER 13, 2017

Jonathan Thomas appeals from the order denying his third PCRA petition filed on June 28, 2016, as untimely. We affirm.

We previously set forth the pertinent factual and procedural history as follows:

On December 11, 1994, [Appellant] entered an A-Plus Mini Market on McMurray Avenue in Peters Township, pointed a shotgun at the clerk, and demanded money. After the clerk handed [Appellant] $283, [Appellant] raised the shotgun and attempted to fire the weapon. The weapon did not fire initially. Appellant than adjusted the weapon and fired again, this time hitting the clerk and causing his death. During the pendency of the case, [Appellant] signed a release in November of 1996 for his trial counsel to obtain medical and mental health records. His counsel retained a psychiatrist to examine [Appellant's] records and conduct other investigations related to his mental health. On November 2, 1996, that expert, Dr. Lawson Bernstein, prepared a report which indicated that [Appellant's] substantive cognitive impairments may have impaired his ability

* Former Justice specially assigned to the Superior Court.

to form specific criminal intent at that time of the alleged homicide . . . The Commonwealth sought a first-degree murder conviction and the death penalty, but allowed [Appellant] to plead guilty to murder in the second degree and robbery . . . After entering [a guilty plea], the trial court sentenced [Appellant] to the statutory penalty of life imprisonment without the possibility of parole.

On March 25, 1997, [Appellant] appealed from the judgment of sentence . . . This [Court] denied [Appellant's] appeal on April 16, 1998. Commonwealth v. Thomas, [718 A.2d 349 (Pa.Super. 1998) (unpublished memorandum)]. . . . Appellant filed a timely petition for allowance of appeal which the [Supreme Court] denied on November 9, 1998.

. . . .

On November 4, 1999, [Appellant] filed a pro se petition for post-conviction relief alleging constitutional violations and ineffective assistance of counsel. . . . Nothing happened in the case until February 20, 2009, when [Appellant], though new counsel, Mark Rubenstein, Esq., filed an amended PCRA petition raising three issues. . . . On May 27, 2009, the PCRA court denied and dismissed [Appellant's] PCRA petition. . . . On June 8, 2010, this [Court] affirmed. Commonwealth v. Thomas, [4 A.3d 679 (Pa.Super. 2010) (unpublished memorandum)].

Commonwealth v. Thomas, 134 A.3d 93 (Pa.Super. 2015) (unpublished memorandum) at *1-2. Thereafter, Appellant filed a second PCRA petition which was also denied. We affirmed the denial of that petition, finding that Appellant's judgment of sentence became final on February 7, 1999, that his second PCRA petition filed on April 30, 2014 was patently untimely, and that he failed to plead and prove one of the exceptions to the statutory time bar. Id. at *3-4.

On June 28, 2016, Appellant filed the instant petition, styled as a motion for re-sentencing pursuant to the Post-Conviction Relief Act, contending that the Supreme Court's rulings in Miller v. Alabama, 567 U.S. 132 (2012), and Montgomery v. Louisiana, 136 S.Ct. 718 (2016), entitled him to resentencing. The PCRA court issued a Rule 907 notice of intent to dismiss, and subsequently, on October 24, 2016, dismissed Appellant's petition as untimely filed. Appellant filed a timely notice of appeal to this Court, and the PCRA court authored a Rule 1925(a) opinion relying on its order dated October 24, 2016. This matter is now ready for our review.

Appellant raises a single question for our consideration: "Did the PCRA Court err in denying [Appellant's] Motion for Re-Sentencing Pursuant to Post Conviction Relief Act?" Appellant's brief at 2.

Before we reach the merits of this appeal, we must first determine whether this matter is properly before us. It is well-settled that all PCRA petitions, including subsequent petitions, must be filed within one year of the date a defendant's judgment of sentence becomes final, unless a statutory exception to time-bar applies. 42 Pa.C.S. § 9545(b)(1). This time-bar is jurisdictional in nature, and thus, "neither this Court nor the trial court has jurisdiction over" an untimely petition. Commonwealth v. Miller, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). Timeliness presents a question of law, which we review de novo, and our scope of

review is plenary. Commonwealth v. Hudson, 156 A.3d 1194, 1197 (Pa.Super. 2017).

As noted above, Appellant's conviction became final on February 7, 1999, and thus, he had until February 7, 2000, to final a timely PCRA petition. Commonwealth v. Thomas, 134 A.3d 93 (Pa.Super. 2015) (unpublished memorandum) at *3. Hence, this petition, filed on June 28, 2016, is patently untimely. Appellant attempts to circumvent the statutory time-bar by asserting that Montgomery, supra, announced a new retroactive constitutional right, or alternatively, that his claim challenges the legality of sentence, which cannot be waived. Appellant's claims fail.

Although Montgomery, supra, did pronounce a new retroactive right, its holding was limited to Miller v. Alabama, supra, which determined that it is unconstitutional to impose a mandatory sentence of life imprisonment without the possibility of parole for crimes committed while the defendant was a juvenile. It is undisputed that Appellant was eighteen-years-and-thirty-five-days old at the time he committed the murder and robbery underlying this matter. As such, Miller is inapplicable herein, since Appellant was not a juvenile when he committed his crimes.[1] See Commonwealth v. Furgess, 149 A.3d 90 (Pa.Super. 2016).

_____

[1] Even if Appellant were able to rely on the holding in Montgomery v. Louisiana, 136 S.Ct. 718 (2016), to overcome the PCRA's statutory time-
(Footnote Continued Next Page)

Further, we observe that, generally, "this Court is endowed with the ability to consider an issue of illegality of sentence sua sponte." Commonwealth v. Miller, supra at 995 (citation omitted). Nevertheless, "in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review." Id. As Appellant's third PCRA petition was untimely, and he failed to plead and prove a statutory exception, we lack jurisdiction to reach Appellant's claim insofar as it raises a challenge to the legality of his sentence.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2017

(Footnote Continued) ———————————

bar, he failed to file his petition within sixty days of when the claim could have been presented. 42 Pa.C.S. § 9545(b)(2). Montgomery was decided on January 25, 2016. Appellant did not file his third PCRA petition until June 28, 2016, more than sixty days after that decision.