J-S34017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL HURLEY | : | |
| | : | |
| Appellant | : | No. 1392 WDA 2018 |

Appeal from the PCRA Order Entered August 22, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0016287-2005

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS*, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED SEPTEMBER 13, 2019**

Daniel Hurley appeals the denial of his fourth Post-Conviction Relief Act ("PCRA") petition as untimely. **See** 42 Pa.C.S.A. §§ 9541-9546. Hurley maintains that he satisfied the governmental interference time-bar exception. We affirm.

A jury convicted Hurley of two counts of aggravated assault and one count each of criminal attempt, persons not to possess, use, manufacture, control, sell, or transfer firearms, and firearms not to be carried without a license.[1] He filed a direct appeal and we affirmed in July 2008. **See Commonwealth v. Hurley**, No. 170 WDA 2007 (Pa.Super. filed July, 16, 2008) (unpublished memorandum).

---

*   Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A §§ 2702(a)(1), 2702(a)(4), 901(a), 6105(a), and 6106(a)(1), respectively.

In July 2018, Hurley filed the instant *pro se* petition. The PCRA court issued its notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Hurley responded to the Rule 907 notice and the PCRA court denied the petition. This timely appeal followed.

Hurley raises the following issues on appeal:

> 1. Whether the Court of Common Pleas erred in dismissing Appellants PCRA, addressing [Hurley's] merits stating there are no meritorious issues when the issues do have merit and they should have addressed the timeliness issue only?
>
> 2. Whether there was governmental interference and prosecution misconduct when assistant D/A Holy [sic] Guna falsely stated that the Defendant was a fugitive to proceed without the holding of a preliminary hearing when in fact [Hurley] was incarcerated?
>
> 3. Whether the Court of Common Pleas erred in granting assistant D/A Holy [sic] Guna's motion to proceed without the holding of a preliminary hearing under Pa. Rules of Criminal Procedure 565 (a) without following statutory procedures and due diligence?
>
> 4. Whether [Hurley] was denied his Constitutional right to counsel at every stage, right to Due Process, face to face confrontation, right to be present at every stage of the criminal process, right to a fair trial and ANY right attached to a preliminary hearing when [Hurley] was denied a preliminary hearing under a false statement made by the prosecution to gain a tactical advantage over the defense?
>
> 5. Whether [Hurley] was denied Equal Protection of the Laws when he was denied the same rights that every other citizen in Pennsylvania that is arrested is afforded once the criminal process is started and they are formally charged?

Hurley's Br. at 4.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the PCRA court's determination and whether its decision is free of legal error. **See Commonwealth v. Conway** 14 A.3d 101, 108 (Pa.Super. 2011).

The PCRA's time-bar is jurisdictional in nature and a court lacks jurisdiction to entertain a PCRA petition if it is untimely. **See Commonwealth v. Peterkin** 722 A.2d 638, 641 (Pa. 1998). A PCRA petitioner has one year from the date the judgment of sentence becomes final to file a PCRA petition unless a time-bar exception applies. **See** 42 Pa.C.S.A § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **See Commonwealth v. Staton**, 184 A.3d 949, 954 (Pa. 2018) (quoting 42 Pa.C.S.A. § 9545(b)(3)).

The petitioner bears the burden of pleading and proving at least one of the time-bar exceptions. **See Commonwealth v. Pursell**, 749 A.2d 911, 913-14 (Pa. 2000). These exceptions are: (1) the failure to raise the claim previously was due to interference by government officials; (2) the facts of the claim were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or (3) a newly recognized constitutional right that the United States Supreme Court or the Pennsylvania Supreme Court has held to apply retroactively. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a time-bar exception must be raised within 60 days from the time

the claim could have first been raised by the petitioner. ***See Commonwealth v. Kretchmar***, 189 A.3d 459, 462 (Pa.Super. 2018) (citing 42 Pa.C.S.A § 9545(b)(2)).[2]

Here, Hurley's judgment of sentence became final on August 15, 2008, after his time to file a petition for allowance of appeal with our Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had until August 17, 2009, to file a timely PCRA petition.[3] Hurley's instant PCRA petition, which he filed on July 16, 2018, was patently untimely and the PCRA court was without jurisdiction to hear the petition unless Hurley pleaded and proved at least one of the time-bar exceptions. ***See Commonwealth v. Hudson***, 156 A.3d 1194, 1197 (Pa.Super. 2017).

In his petition and on appeal, Hurley asserts the governmental interference time-bar exception. He claims that the trial court granted the prosecution's motion to proceed with the filing of a criminal information without a preliminary hearing, based on the prosecutor's representation that Hurley was a fugitive. ***See*** Pa.R.Crim.P. 565(A). Hurley claims he in fact was in Allegheny County Jail at the time.

This claim fails because Hurley did not raise it within 60 days of when he could have first raised it. ***See Kretchmar***, 189 A.3d at 462. Hurley

---

[2] Effective December 24, 2018, a petitioner has one year to raise a time-bar exception arising on or after December 24, 2017. ***See*** Act 2018, Oct. 24, P.L. 894, No. 146, § 3. This extension does not apply here because Hurley filed his petition before the effective date of the amendment.

[3] August 15, 2009 was a Saturday. ***See*** 1 Pa.C.S.A. § 1908.

attached to his PCRA petition a letter from his trial counsel, dated August 1, 2006, that informed Hurley of the trial court's decision not to hold the preliminary hearing, and its reason for doing so. *See* Hurley's PCRA Petition, filed 7/16/18 at Exhibit #14. Thus, Hurley was on notice in 2006 of these facts. Yet he waited almost 12 years – until 2018 – to claim governmental interference. His argument therefore fails because he did not raise it within 60 days of learning of this information. The PCRA court did not err in denying Hurley's petition as untimely.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/2019