J-S61032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCUS DEANS, | : | |
| | : | |
| Appellant | : | No. 1263 EDA 2018 |

Appeal from the PCRA Order April 3, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0016655-2008

BEFORE:   BOWES, J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:               **FILED NOVEMBER 20, 2019**

Appellant Marcus Deans appeals from the Order entered in the Court of Common Pleas of Philadelphia County on April 3, 2018, denying as untimely his second petition filed pursuant to the Post-Conviction relief Act ("PCRA).[1] We affirm.

Following a jury trial, on December 18, 2009, Appellant was convicted of attempted murder[2] and related offenses.  On April 29, 2010, Appellant was sentenced to an aggregate term of fifteen (15) years to thirty (30) years in prison.  Appellant timely appealed, and this Court affirmed his convictions but vacated a portion of his sentence on March 2, 2012.  ***Commonwealth v.***

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.
[2] 18 Pa.C.S.A. § 2502.

*Deans*, 47 A.3d 1233 (Pa.Super. 2012) (unpublished memorandum). That vacatur did not impact Appellant's aggregate sentence.

On June 7, 2012, Appellant filed his first PCRA petition *pro se*. Counsel was appointed and filed an amended petition. Following an evidentiary hearing held on October 8, 2015, the PCRA court denied Appellant's petition. Finding no merit to Appellant's claims on appeal, this Court affirmed the PCRA court's Order. *Commonwealth v. Deans*, 2017 WL 2628945 (Pa.Super. filed June 19, 2017).

Appellant filed the instant PCRA petition *pro se* on April 14, 2017, wherein he alleged he had obtained newly discovered evidence, namely the recantation of the identification testimony of the complaining witness, Richard Bell. Specifically, Appellant claimed that on February 22, 2017, Bell had contacted Appellant's counsel and indicated he wished to recant his trial testimony. Appellant further indicated that on April 11, 2017, Bell provided Appellant's investigator the affidavit attached to his PCRA petition and on which it was based and that the recantation testimony qualifies as newly discovered evidence.

On June 9, 2017, the PCRA court provided Appellant with notice of its intention to dismiss the petition pursuant to Pa.R.A.P. 907. However, following this Court's June 19, 2017, decision finding no merit to the issues Appellant presented in his first PCRA petition, the PCRA court permitted Appellant to proceed with the instant petition.

By agreement of counsel, the PCRA court scheduled an evidentiary hearing for November 30, 2017. Upon Bell's failure to appear despite counsel's alleged best efforts, the hearing was rescheduled to February 23, 2018. N.T., 11/30/17, at 5-6. After granting this first continuance, the PCRA court advised counsel that it would not grant an additional one. *Id*. at 10-11.

On February 23, 2018, neither PCRA counsel nor Bell appeared. Unable to contact PCRA counsel, the PCRA court continued the matter pending the issuance of its Rule 907 Notice, which it issued on March 5, 2018. Appellant did not respond to the PCRA court's Notice of its intent to dismiss the PCRA petition.

Following a brief hearing on April 3, 2018, the PCRA court dismissed Appellant's PCRA petition. At that hearing, for the first time, PCRA counsel stated the following:

> He [Bell] recanted his trial testimony, wanted to come to testify, but was visited by the [sic] two of the D.A.'s detectives who told him that if you didn't believe him on the stand that he'd get charged with perjury. So his response was I'm not going to come and tell the truth and go to jail. So we tried every which way we could to try to convince him that he needed to come to tell the truth, and he is afraid to do so.

N.T., 4/3/18, at 3. Counsel did not present any evidence to the trial court in support of these claims.

Instead, citing Appellant's alleged violation of "a primary rule counsel had which was designed to protect attorney/client privilege and to prevent violation of DOC regulations," PCRA counsel later filed a motion to withdraw

as counsel on June 12, 2018. Counsel stated that because of Appellant's actions she "is no longer able or willing to continue to represent [Appellant]." *See* Motion to Withdraw as Counsel, filed 6/12/18, at ¶¶ 4, 6.[3] On November 19, 2018, the trial court granted counsel's motion to withdraw.

Prior to that time, Appellant had filed a timely notice of appeal, and on May 9, 2018, the PCRA court directed him to file a concise statement of errors complained of on appeal. Appellant filed multiple, *pro se* concise statements wherein he raised numerous allegations that the PCRA court had erred in failing to grant him a new trial in light of Bell's alleged recantation of his identification testimony.

In his brief, Appellant presents the following question for our review:

> In all criminal prosecutions, the accused has the right to compulsory process for obtaining witnesses in his favor, and witnesses shall be free to testify without fear of prosecutorial retaliation. At an evidentiary hearing, [Appellant's] counsel asserted that the prosecution threatened Mr. Bell (the victim who recanted) with perjury charges. Is [Appellant] entitled to a new trial, dismissal of charges, or a remand for an evidentiary hearing to determine whether the prosecution distorted the fact-finding process?

Brief of Appellant at iv.

---

[3] It is noteworthy that this Court previously explained that after observing Appellant testify at his initial PCRA hearing in 2015, the PCRA court found his testimony to be incredible. This Court further stated that "[i]n addition to witnessing Appellant's demeanor on the stand, a letter Appellant sent to trial counsel severely hurt his credibility. A reasonable inference from that letter was that Appellant attempted to convince his trial counsel to lie in order to obtain PCRA relief." ***Commonwealth v. Deans***, 2017 WL 2628945, at *7. (Pa.Super. June 19, 2017).

- 4 -

It is axiomatic that a PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant's judgment of sentence became final on April 2, 2012, the last day on which he could have filed an appeal with the Pennsylvania Supreme Court. *See Commonwealth v. Callahan*, 101 A.3d 118, 122 (Pa.Super. 2014). Appellant's instant PCRA petition was filed over five years later on April 14, 2017; thus, the petition was patently untimely.

Nevertheless, we may consider an untimely PCRA petition if one of the following three exceptions applies:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).[4] "The petitioner bears the burden to plead and prove an applicable statutory exception." *Commonwealth v. Hudson*, 156 A.3d 1194, 1197 (Pa.Super. 2017), *appeal denied*, 170 A.3d 1007 (Pa. 2017). Importantly, asserted exceptions to the time restrictions for a PCRA petition must be included in the petition and may not be raised for the first time on appeal. *Commonwealth v. Furgess*, 149 A.3d 90, 93 (Pa.Super. 2016).

Herein, Appellant averred in his PCRA petition that Bell had revealed in 2017 that the district attorney and police officers coerced and/or threatened him into providing false testimony at trial. However, Appellant revealed for the first time in his third concise statement that Bell was prevented from recanting that trial testimony at a PCRA hearing due to governmental interference, namely the threat of being charged with perjury, by detectives sent to his home by the district attorney after trial. As such, we deem this

_____

[4] Effective December 24, 2018, Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), now provides that a PCRA petitioner invoking a timeliness exception must file the petition within one year of the date the claim could have been presented for all claims arising after December 24, 2017. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2 and § 3.

issue Appellant develops in his appellate brief to be waived. ***See Furgess***,

***supra***.[5]

Notwithstanding, to the extent Appellant may be deemed to have

preserved a claim that the district attorney and police pressured him to

provide false trial testimony, in considering and rejecting this theory of

Appellant's newly discovered evidence claim, the PCRA court reasoned as

follows:

> The statutory intent of the PCRA Act is to function as an extraordinary proceeding designed to provide relief to "persons convicted of crimes they did not commit and serving illegal sentences" (42 Pa.C.S.A. 9542) It is not meant to function as a substitute for or a continuation of direct appellate rights. Therefore, in pursuing PCRA relief, applicants must establish through their pleading, sufficient grounds to justify the granting of relief.
> "[A]s a general matter, recantation evidence is notoriously unreliable, particularly where the witness claims to have committed perjury. This Court has also emphasized, however, that, even as to recantations that might otherwise appear dubious, the PCRA court must, in the first instance, assess the credibility and significance of the recantation in light of the evidence as a whole.["] ***Commonwealth v. D'Amato***, 856 A.2d 806, 825 (Pa. 2004) (Internal citations and quotations omitted) As noted above, it is [Appellant's] burden to not only plead, but to prove, that Mr. Bell had, in fact, recanted.
> When Mr. Bell failed to appear at the initial evidentiary hearing, this [c]ourt continued the matter; affording counsel another opportunity to secure his appearance. When both counsel and Mr. Bell failed to appear at the second hearing, it was clear

---

[5] Appellant also alleges Bell exonerated him on a "flash drive/video" obtained by his counsel. Brief of Appellant at vii; however, he has failed to ensure that a copy of the referenced interview appeared in the certified record. As such, we are unable to review the same. Moreover, as previously stated, counsel provided the trial court with no physical evidence to support her argument at the April 3, 2018, PCRA hearing.

that Mr. Bell was not only uncooperative, but unwilling to recant. [Appellant's] reliance on Mr. Bell's affidavit in which he states that, as he attempted to leave this [c]ourt on the day of trial, "officers" walked him back and the "DA" threatened him with jail if he did not testify, cannot stand alone without Mr. Bell's testimony.

[Appellant's] latest claim that Mr. Bell was intimidated by the threat of a charge of perjury is, again, wholly unsupported and stands alone. Although counsel's assertion implies that she is in communication with Mr. Bell, [Appellant], at the barest minimum, failed to produce an affidavit to this effect.

Trial Court Opinion, filed 4/23/19, at 8-9.

Upon our review, we find the PCRA court's determinations are free of legal error and supported by the record. Accordingly, for all the foregoing reasons, we find the PCRA court properly dismissed Appellant's PCRA petition as untimely, and no relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/19