378 A.2d 822

**COMMONWEALTH of Pennsylvania**

v.

**Larry STEVENSON, Appellant.**

Supreme Court of Pennsylvania.

Argued March 30, 1976.

Decided Oct. 7, 1977.

Peter A. Dunn, Havertown, for appellant.

Ralph B. D'Iorio, Asst. Dist. Atty., Chief, Appeals Div., Vram Nedurian, Jr., Asst. Dist. Atty., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

PER CURIAM.

This is a direct appeal from judgment of sentence after a verdict of guilty of murder in the first degree. Appellant raised the following issues:

1. Whether appellant should have been discharged at the time of the pre-trial hearing when it was proved that the arrest warrant was defective and the arrest illegal as being without probable cause and based upon a criminal complaint that was admittedly false;

2. Whether the trial court erred by dismissing appellant's petition to suppress identification testimony and by admitting such testimony at trial;

3. Whether appellant's due process rights were prejudiced by courtroom procedure clearly indicating that appellant was a prisoner;

4. Whether appellant was prejudiced by being formally arraigned in the presence of the jury panel;

5. Whether the trial court's refusal to permit appellant to call a certain witness in his defense because that witness was a sheriff's deputy was fundamental error;

6. Whether the failure of the district attorney to produce and have available a witness listed on the indictment and whose presence was requested by appellant constituted reversible error;

7. Whether the trial court's remarks to the jury panel prior to the selection of the jury to the effect that appellant was "affirmatively involved" in the matter to be tried were so prejudicial as to require a new trial;

8. Whether a question-comment by the district attorney on recross-examination of appellant was so inflammatory as to require a new trial even though the trial court sustained defense counsel's objection;

9. Whether the trial court's instructions to the jury were so prejudicial as to require a new trial.

 We have considered these issues and find them to be without merit. We have also reviewed the record and are satisfied that the evidence is sufficient to support the verdict.

Judgment of sentence is affirmed.

JONES, former C. J., did not participate in the decision of this case.