J-S59019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LARRY STEPHENSON | : | |
| | : | |
| Appellant | : | No. 564 EDA 2019 |

Appeal from the PCRA Order Entered February 7, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0100982-1974

BEFORE: LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.: **FILED NOVEMBER 27, 2019**

Appellant Larry Stephenson appeals *pro se* from the order dismissing his fourth petition pursuant to the Post Conviction Relief Act[1] (PCRA) as untimely. Appellant contends he has overcome the time-bar of the PCRA by asserting a newly recognized constitutional right under ***Miller v. Alabama***, 567 U.S. 460 (2012), and ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016). For the reasons below, we affirm.

This Court summarized the relevant facts as follows:

In October 1973, Appellant, [who was twenty-three] years old at the time, was involved in the robbery of a bar that resulted in a patron being shot and killed. He was convicted of several offenses, including first-degree murder. On April 25, 1975, Appellant was sentenced to life imprisonment without the possibility of parole.

---

[1] 42 Pa.C.S. §§ 9541-9546.

*Commonwealth v. Stephenson*, 1357 EDA 2014, at 1 (Pa. Super. filed Sept. 9, 2014) (unpublished mem.).

The Pennsylvania Supreme Court affirmed Appellant's judgment of sentence on October 7, 1977, and Appellant did not seek further review. *Commonwealth v. Stevenson*, 378 A.2d 822 (Pa. 1977). Between 1996 and 2014, Appellant filed three unsuccessful PCRA petitions.

On March 24, 2016, Appellant, acting *pro se,* filed his fourth PCRA petition. In his petition, Appellant argued that the holdings of *Miller* and *Montgomery* should be extended to his case because his brain had not fully matured at the time of the offense. The PCRA court appointed counsel, who subsequently filed a "no merit" letter and an application to withdraw representation. On January 4, 2019, the PCRA court granted counsel's application and provided Appellant with a Pa.R.Crim.P. 907 notice of its intention to dismiss the petition without a hearing. Appellant filed a response on January 25, 2019, but the PCRA court dismissed Appellant's petition as untimely on February 7, 2019.

Appellant timely filed notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court filed a responsive opinion.

Appellant presents one issue for our review:

> Is the PCRA court's ruling, and by extension this Court's *en banc* ruling in *Commonwealth v. Avis Lee*[, 206 A.3d 1 (Pa. Super. 2019) (*en banc*),] contrary to the Eighth Amendment of the Constitution of the United States and the Pennsylvania Constitution insofar as the *Avis Lee* decision is decided incorrectly?

Appellant's Brief at 2.

Initially we note that the timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature." **Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013) (citation omitted). "The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary." **Commonwealth v. Hudson**, 156 A.3d 1194, 1197 (Pa. Super. 2017) (citation omitted), *appeal denied*, 170 A.3d 1007 (Pa. 2017).

A PCRA petition is timely if it is "filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period

provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Here, Appellant's judgment of sentence became final in January of 1978, ninety days after the Pennsylvania Supreme Court affirmed his conviction and the time to file a petition for writ of *certiorari* in the United States Supreme Court elapsed. ***See generally*** Sup. Ct. R. 22(1) (1954) (repealed 1980). Appellant's current petition is facially untimely, and this Court cannot exercise jurisdiction unless one of the statutory exceptions to the PCRA's time-bar applies.

In his sole issue, Appellant attempts to invoke the newly recognized constitutional right exception. Appellant argues that, although he was twenty-three years old at the time of the offense, the constitutional protection against cruel and unusual punishment articulated in ***Miller*** should be extended to his case because of his diminished mental capacity. ***See generally*** Appellant's Brief at 2-4. Appellant acknowledges that precedent is not in his favor. "Appellant's objective is to exhaust Pennsylvania appeals in hopes that the Supreme Court of Pennsylvania or the Supreme Court of the United States will extend . . . youthful offender jurisprudence to a class of prisoner that includes [A]ppellant." ***Id.*** at 3.

We have previously explained that "***Montgomery*** merely made ***Miller*** retroactive for juvenile offenders whose judgments of sentence had already became final. It did not extend ***Miller***'s holding to those individuals who

committed homicides after they reached the age of [eighteen]." *Commonwealth v. Montgomery*, 181 A.3d 359, 366 (Pa. Super. 2018) (*en banc*) (citation omitted), *appeal denied*, 190 A.3d 1134 (Pa. 2018). Accordingly, this Court has held that "age is the sole factor in determining whether *Miller* applies to overcome the PCRA time-bar," and it has "decline[d] to extend its categorical holding." *Lee*, 206 A.3d at 11.

Instantly, Appellant was twenty-three years old at the time of the homicide, rendering *Miller* and *Montgomery* inapplicable to his case. *See id.*; *Montgomery*, 181 A.3d at 366. Therefore, Appellant failed to plead and prove a timeliness exception, and the PCRA court lacked jurisdiction to consider his claims. Accordingly, the PCRA court did not err in dismissing Appellant's petition without a hearing. *See Hudson*, 156 A.3d at 1197.

Order affirmed.
Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/27/19